J-S23016-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GREGORY SCOTT, | |
| Appellant | No. 1076 EDA 2014 |

Appeal from the PCRA Order March 7, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0827701-1986

BEFORE:  DONOHUE, SHOGAN, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JUNE 05, 2015**

Gregory Scott ("Appellant") appeals from the order denying his second petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

A prior panel of this Court summarized the factual and procedural history of this case as follows:

> For several weeks prior to the murder, [A]ppellant and the victim, Marlin Ware, engaged in several confrontations culminating on July 7, 1986, with an argument over a crushed cigarette pack.  During the fight that followed, the victim pushed [A]ppellant and [A]ppellant ran into his girlfriend's house to arm himself with a ten inch knife.  Appellant ran to the victim's house but the victim was not at home.  Appellant waved the knife about and told the victim's sister that he was going to kill her brother.  Approximately one half hour later, [Appellant,] still

_____

[*]  Retired Senior Judge assigned to the Superior Court.

armed with a knife, confronted Ware, who put down the bottle he was carrying, and implored [A]ppellant to fight without the knife. Appellant responded by chasing the victim down the street until the victim fell. Appellant landed on top of him and stabbed him in the back. Appellant fled the scene and Ware died soon after as a result of the stab wound to his lungs and liver.

Following his arrest, [A]ppellant was charged with one count each of first degree murder, voluntary manslaughter, and involuntary manslaughter; and two counts of possessing an instrument of crime. The involuntary manslaughter charge was nolle prossed. After a bench trial before the Honorable Juanita Kidd Stout, [A]ppellant was found guilty of first degree murder and two counts of possessing an instrument of crime. He was found not guilty of voluntary manslaughter.

Sentence was deferred pending presentence investigation reports and any post verdict motions. [A]ppellant filed a boilerplate motion for a new trial and arrest of judgment within 10 days of being sentenced. The trial court denied this motion and sentenced [A]ppellant to concurrent prison terms of life, for murder, and two and a half to five years, for possessing an instrument of crime. Appellant properly appealed the judgment of sentence within 30 days. The trial court ordered a statement of matters complained of on appeal in order to address the issue, pursuant to Pa. R.A.P. 1295(b). The court denied [A]ppellant's insufficiency of evidence claim because his own statements and conduct constituted ample evidence to prove his guilt beyond a reasonable doubt. The court had noted that "[Appellant's] testimony did not rate high on the scale of credibility and his version of events contradicted the testimony of the other witnesses who were deemed to be more credible than [Appellant]." Appellant [did] not properly preserve this issue for appellate review because he filed boilerplate motions. Commonwealth v. Taylor, 362 Pa. Super. 408, 642 A.2d 942 (1987). However, even if [A]ppellant's claim had been properly preserved for appellate review, we would find that it lacks merit.

*Commonwealth v. Scott*, 555 PHIL 1988, 560 A.2d 241 (Pa. Super. filed

February 2, 1989) (unpublished memorandum at 1–3) (footnotes omitted).

That panel affirmed Appellant's judgment of sentence. *Id.* at 7. The

Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. **Commonwealth v. Scott**, 569 A.2d 1366 (Pa. 1989).

Appellant filed a counseled PCRA petition on September 30, 1992, raising multiple claims of ineffective assistance of counsel. PCRA Petition, 9/30/92, at ¶¶ 8, 9, 11, 12. Without conducting an evidentiary hearing, the PCRA court denied Appellant's petition on April 5, 1995. We affirmed, **Commonwealth v. Scott**, 1474 PHL 1995, 678 A.2d 834 (Pa. Super. filed March 14, 1996), and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. **Commonwealth v. Scott**, 683 A.2d 880 (Pa. 1996).

After unsuccessfully pursuing a *habeas corpus* petition in the federal trial and appellate courts, Appellant filed a second counseled PCRA petition on December 21, 2012, raising claims of ineffective assistance of counsel. The Commonwealth filed a motion to dismiss on September 17, 2013, to which Appellant responded on October 15, 2013, and January 15, 2014. After reviewing the pleadings, the PCRA court sent Appellant notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss the petition without a hearing. Appellant responded on February 27, 2014. The PCRA court dismissed the petition as time-barred on March 7, 2014. This timely appeal followed. Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant presents the following questions for our consideration:

I.    Whether the PCRA court erred when it dismissed the PCRA petition as "time barred" where the petition presented a

claim that a constitutional violation led to the conviction of an innocent person?

II.    Whether the PCRA is unconstitutional as applied to a gateway claim of actual innocence?

III.   Whether the PCRA court erred in not finding exceptions to the time bar as identified in the PCRA petition?

IV.    Whether the PCRA petition must be considered as a habeas corpus petition?

V.     Whether trial counsel was constitutionally ineffective?

VI.    Whether post conviction counsel provided ineffective assistance?

VII.   Whether the conviction was obtained and sentence imposed in violation of the Fourteenth Amendment right to due process of law where the facts of the case are insufficient to prove all the elements of first degree murder?

Appellant's Brief at 2 (full capitalization omitted).[1]

Our standard of review of a trial court order granting or denying relief under the PCRA requires us to determine whether the decision of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Perez*, 103 A.3d 344, 347 (Pa. Super. 2014). "The PCRA court's findings will not be disturbed unless there is no support for the

_____

[1]   We note that the first two questions presented on appeal were consolidated in Appellant's Pa.R.A.P. 1925(b) statement of errors. Rule 1925(b) Statement, 5/1/14, at 1. Moreover, Appellant's discussion of the first two questions presented on appeal were consolidated in the argument section of his brief to this Court. Appellant's Brief at 8. Thus, we address them in tandem.

findings in the certified record." **Id.** (quoting **Commonwealth v. Lippert**, 85 A.3d 1095, 1100 (Pa. Super. 2014)).

Preliminarily, we must determine if we have jurisdiction to entertain this appeal. Effective January 16, 1996, the PCRA was amended to require a petitioner to file any PCRA petition within one year of the date the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. **Commonwealth v. Hernandez**, 79 A.3d 649, 651–652 (Pa. Super. 2013) (citing **Commonwealth v. Murray**, 753 A.2d 201, 203 (Pa. 2000)). "Where a petitioner's judgment of sentence became final on or before the effective date of the amendment, a special grace proviso allowed first PCRA petitions to be filed by January 16, 1997." **Commonwealth v. Lawson**, 90 A.3d 1, 5 (Pa. Super. 2014).

In the case *sub judice*, Appellant was sentenced on February 3, 1988. This Court affirmed the judgment of sentence on February 2, 1989, and our Supreme Court denied *allocatur* on November 15, 1989. Appellant did not seek a writ of *certiorari* in the United States Supreme Court. Therefore, Appellant's judgment of sentence became final on January 15, 1990, when the period for Appellant to file a petition for a writ of *certiorari* expired. **See** 42 Pa.C.S. § 9545(b)(3) ("[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of

time for seeking the review."); former U.S. Sup.Ct.R. 20.1 (instructing that petition for writ of *certiorari* is deemed timely when it is filed within 60 days after denial of *allocatur*).[2]  Accordingly, Appellant's judgment of sentence became final prior to the effective date of the PCRA amendments. Appellant's instant PCRA petition, filed on December 21, 2012, does not qualify for the grace *proviso* as it was neither Appellant's first PCRA petition, nor was it filed before January 16, 1997.  Thus, the instant PCRA petition is patently untimely.

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[3]  A petition invoking one of these exceptions must be filed

_____

[2]  The sixtieth day after November 15, 1989, fell on Sunday, January 14, 1990.  Pursuant to 1 Pa.C.S. § 1908, "[w]henever the last day . . . shall fall on . . . Sunday . . ., such day shall be omitted from the computation." Therefore, Appellant's judgment of sentence became final on Monday, January 15, 1990.

[3] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

*(Footnote Continued Next Page)*

within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). *Hernandez*, 79 A.3d at 651–652.

In the instant PCRA petition, Appellant purports to raise the third exception to the PCRA timeliness requirements, *i.e.*, "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. 9544(b)(1)(iii). In support of his petition, Appellant claims that the decision of the United States Supreme Court in *McQuiggin v. Perkins*, ___ U.S. ___, 133 S.Ct. 1924 (2013), set forth a newly recognized constitutional right as contemplated by section 9545(b)(1)(iii) of the PCRA, which would allow him to seek PCRA relief despite his untimely petition. According to Appellant, the constitutional right ensures that gateway claims of actual

*(Footnote Continued)* ─────────────

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

innocence "may not be denied based on state procedural rules including filing deadlines." Appellant's Brief at 10. We are constrained to disagree.

As the PCRA court observed:

McQuigg[i]n has no bearing upon the Post-Conviction Relief Act . . . .

     In McQuigg[i]n, the Supreme Court interpreted the Anti-Terrorism and Effective Death Penalty Act (AEDPA), codified at 28 U.S.C. §§ 2241-2255, not the Constitution of the United States. The McQuigg[i]n Court held that the AEDPA's statute of limitations — set forth in § 2244 — does not bar recovery for a federal habeas corpus petitioner who presents new evidence demonstrating that "it is more likely than not that 'no reasonable juror' would have convicted the petitioner." McQuigg[i]n, 133 S.Ct. at 1926–[19]27. In other words, claims of actual, factual innocence are not automatically rejected when they fail to satisfy the **AEDPA's statute of limitations**. McQuigg[i]n's interpretation of the AEDPA applies to individuals who file challenges pursuant to the AEDPA — a statute wholly inapplicable here.

     The PCRA is the "exclusive vehicle for obtaining post-conviction collateral relief." Commonwealth v. Kutnyak, 781 A.2d 1259, 1261 (Pa.Super. 2001). The PCRA statute itself establishes that post-conviction relief in the Commonwealth of Pennsylvania can be achieved only by satisfying the language of the statute: "The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*." 42 Pa.C.S. § 9542. "There is no alternative basis for relief outside the framework of the PCRA." Kutnyak, 781 A.2d at 1261; see also Commonwealth v. Watts, 23 A.3d 980, 983 (Pa. 2011) ("Futhermore, we have observed that the statute 'confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act.[']").

\* \* \*

As [Appellant's] first claim is devoid of an attempt to plead or prove at least one of the statutory exceptions articulated in § 9545(b)(1), this [c]ourt properly denied this claim without a hearing.

PCRA Court Opinion, 8/8/14, at 3–4 (emphasis in original).

Upon review, we agree with the PCRA court's analysis and conclusion that **McQuiggin** is inapposite and, therefore, does not afford Appellant relief under the PCRA. On federal *habeas* review, the **McQuiggin** Court did not create a constitutional right and deem it retroactive. Rather, it applied an equitable exception to the statute of limitations set forth in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), allowing the petitioner to overcome the procedural bar by a convincing showing that she committed no crime. **McQuiggin**, ___ U.S. at ___, 133 S.Ct. at 1928. Contrarily, Appellant has filed a petition raising claims that are cognizable exclusively under the PCRA. Thus, neither *habeas* review nor an equitable exception to the jurisdictional time bar is available to Appellant. 42 Pa.C.S. § 9542; **Commonwealth v. Watts**, 23 A.3d 980, 983 (Pa. 2011).

In addition to his gateway-claim-of-actual-innocence argument, Appellant asserts, "There are at least four good reasons for finding exceptions to the PCRA's time bar." Appellant's Brief at 13. First, Appellant contends, he is entitled to relief from the time-bar because he filed his second "PCRA petition within sixty (60) days of the landmark decision of the United States Supreme Court in **McQuiggin v. Perkins**," which is retroactive. **Id.** We reject this claim for several reasons. First, we have

- 9 -

already determined that **McQuiggin** is inapplicable. Second, **McQuiggin** was decided on May 28, 2013, more than sixty days **after** Appellant filed his second PCRA petition on December 21, 2012. Third, as the PCRA court observed, "McQuigg[i]n did not articulate a **constitutional** right. Furthermore, the Supreme Court of the United States has never stated that a constitutional right articulated in McQuigg[i]n applies retroactively." PCRA Court Opinion, 8/8/14, at 6 (emphasis in original).

Appellant's second reason for finding an exception to the PCRA's time-bar is "that he was actively misled into waiving the right to a jury trial by the State's boilerplate form which falsely indicates he would have the same rights at a bench trial as he would have had at a jury trial." Appellant's Brief at 14. The PCRA court disposed of this claim as follows:

> [Appellant] states that he found out "during the course of litigating his first PCRA petition" that he did not have the same rights afforded to him during the course of his bench trial as would have been afforded had he been tried by a jury. As the litigation of [Appellant's] first PCRA petition concluded in 199[6], [Appellant] failed to raise this claim within 60 days of the date that the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). Accordingly, this claim fails.

PCRA Court Opinion, 8/8/14, at 5 n.10.

We agree. Having filed the instant petition on December 21, 2012, Appellant waited sixteen years after resolution of his first PCRA petition to raise this issue. Thus, he failed to plead and prove one of the time-bar exceptions within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2).

- 10 -

In support of his third reason for applying a time-bar exception to his PCRA petition, Appellant proffers **Martinez v. Ryan**, ___ U.S. ___, 132 S.Ct. 1309 (2012). According to Appellant, **Martinez** "held for the first time that a prisoner has the equitable right to effective assistance of counsel in post conviction proceedings." Appellant's Brief at 15. The PCRA court rejected this claim as follows:

> Although [Appellant's] counsel fails to specifically state that the Martinez decision is a new retroactive constitutional right satisfying § 9545(b)(1)(iii), that is the only provision which could conceivably apply. Martinez does not articulate a constitutional right; it only concerns the AEDPA. Martinez, 132 S.Ct. at 1319 ("This is but one of the differences between a constitutional ruling and the equitable ruling of this case. A constitutional ruling would provide defendants a freestanding constitutional claim to raise."). As this claim does not meet the requirements of §[] 9545(b)(1)(i)-(iii), it also fails.

PCRA Court Opinion, 8/8/14, at 5 n.10. We agree, albeit on a slightly different basis.

The **Martinez** Court acknowledged that the initial-review collateral proceeding is a prisoner's "one and only appeal" as to an ineffective-assistance claim. **Martinez**, ___ U.S. ___, 132 S.Ct. at 1315 (citing **Coleman v. Thompson**, 501 U.S. 722, 753–754 (1991)). According to the Supreme Court, that fact "may justify an exception to the constitutional rule that there is no right to counsel in collateral proceedings." **Id.** However, the **Martinez** Court expressly declined to address this constitutional issue: "This is not the case, however, to resolve whether that exception exists as a constitutional matter." **Id.** Rather, the **Martinez** Court examined the

precise issue of "whether ineffective assistance in an initial-review collateral proceeding on a claim of ineffective assistance at trial may provide cause for a procedural default in a federal habeas proceeding." *Id.* Ultimately, the *Martinez* Court did not create a constitutional right; it handed down an equitable ruling, "permit[ting] States a variety of systems for appointing counsel in initial-review collateral proceedings." *Id.* at 1319.

Appellant's final reason for applying a time-bar exception is because Pennsylvania "does not follow the *Strickland*[4] standard for claims of ineffective assistance of counsel." Appellant's Brief at 16. Again, we rely on the PCRA court's cogent analysis in disposing of this claim:

> [Appellant] bases his argument that our courts do not follow the Strickland standard on language from Commonwealth v. Feliciano, 69 A.3d 1270 (Pa.Super. 2013). In Feliciano, the Superior Court stated, "Our Supreme Court has added one additional component to the Strickland test, requiring the defendant also prove that the underlying claim has arguable merit." Id. at 1276 n.3.
>
> Whereas Strickland explained the ineffective assistance of counsel test using two prongs, our Commonwealth uses three prongs to apply the "identical rule of law." Commonwealth v. Kimball, 724 A.2d 326, 332 (Pa. 1999); Commonwealth v. Washington, 927 A.2d 586, 594 n.8 (Pa. 2007) ("The Third Circuit has likewise recognized that Pennsylvania's standard for assessing claims of counsel ineffectiveness is materially identical to Strickland. Although the Pennsylvania test for ineffectiveness is the same as Strickland's two-part performance and prejudice standard, in application this Court has characterized the test as tripartite, by dividing the performance element into two distinct parts, *i.e.* arguable merit and lack of reasonable basis.");

_____

[4] *Strickland v. Washington*, 466 U.S. 668 (1984).

> Commonwealth v. Paddy, 15 A.3d 431, 468 n.23 (Pa. 2011)
> ("The Strickland test is materially identical to Pennsylvania's
> tripartite test for ineffective assistance of counsel."). As our
> Commonwealth's standard for ineffective assistance of counsel is
> the same as the standard articulated in Strickland, the
> underlying basis of [Appellant's] claim is spurious.

PCRA Court Opinion, 8/8/14, at 5 n.10. We agree, concluding no further analysis is required.

Appellant's fourth question presented attempts to circumvent the PCRA time-bar by claiming, "If the PCRA does not provide a remedy that is the functional equivalent of habeas corpus, then the PCRA court was required by federal constitutional law to apply the equitable remedy of habeas corpus." Appellant's Brief at 17.[5] The trial court disagreed:

> [Appellant] provided no citation for that proposition. . . .
>
> As discussed *supra*, the action established by the PCRA is
> "the sole means of obtaining collateral relief and encompasses all
> other common law and statutory remedies for the same purpose
> that exist when this subchapter takes effect, including habeas
> corpus and coram nobis." 42 Pa.C.S. § 9542. Per the plain
> language of the PCRA, habeas corpus provides an independent
> basis for relief *only* when there is no remedy available under the
> PCRA. Commonwealth v. Fahy, 737 A.3d 214, 223–[2]24 (Pa.
> 1999). If a claim *could be* advanced under the PCRA, the writ of
> habeas corpus will not lie: "The PCRA provides a remedy for
> certain types of claims. 42 Pa.C.S. § 9543(a). Simply because a
> petition is not considered because of previous litigation or waiver

---

[5] Additionally, Appellant asserts "there is new, reliable evidence of actual innocence," which required the PCRA court "to hold a hearing, determine the facts, and make a decision whether to grant or deny habeas corpus." Appellant's Brief at 17. Notably, however, Appellant fails to identify any new, reliable evidence of actual innocence.

does not alter the PCRA's coverage of such claims or make habeas corpus an alternate basis for relief." Id. at 224.

The PCRA provides a remedy for claims alleging counsel's ineffectiveness. 42 Pa.C.S §[] 9543 (a)(2)(i)-(ii). Section 9542 requires that allegations of counsel's ineffectiveness must be "considered exclusively within the context of the PCRA." Commonwealth v. Chester, 733 A.2d 1242, 1251 (Pa. 1999), *abrogated on other grounds by* Commonwealth v. Grant, 813 A.2d 726 (Pa. 2002). Whether an allegation of counsel's ineffectiveness fails because it was previously litigated under § 9544(a), waived under § 9544(b), or untimely under § 9545(b) is immaterial; "the writ of habeas corpus will not lie when other avenues of relief are available." Id. at 1250, *citing* Commonwealth ex rel. Adams v. Banmiller, 137 A.2d 508 (Pa. 1958).

[Appellant's] underlying claims all concerned counsel's ineffectiveness. As the PCRA offers an avenue of relief for claims concerning counsel's ineffectiveness, the writ of habeas corpus is not available to [Appellant]. Thus, this claim fails.

PCRA Court Opinion, 8/8/14, at 6–7 (emphases in original). Again, we agree with the PCRA court's analysis and disposition of this issue and conclude no further comment is necessary.

Appellant's fifth issue raises allegations of trial counsel's ineffective assistance in: (1) failing to file a Rule 600 motion for dismissal; (2) failing to provide reasonable advice about the consequences of waiving one's right to a jury trial; and (3) failing to conduct a reasonable investigation. Appellant's Brief at 17–21. Similarly, Appellant's sixth issue raises allegations of PCRA counsel's ineffectiveness in "failing to conduct a reasonable investigation, and present the issues contained in the PCRA petition that is the subject of this appeal." Appellant's Brief at 22.

- 14 -

Having determined that it lacked jurisdiction because Appellant's petition was untimely, the PCRA court declined to address the substantive allegations of these ineffective-assistance-of-counsel claims. PCRA Court Opinion, 8/8/14, at 2. Because Appellant's petition was untimely, we lack the authority to address the merits of its substantive claims. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Appellant's seventh and final question challenges the sufficiency of the evidence supporting his conviction of murder of the first degree. Appellant's Brief at 22. As determined above, we do not have authority to review the merits of this issue. *Bennett*, 930 A.2d at 1267. Even if we did, we would not address this claim because it was previously litigated and decided against Appellant on direct appeal. *Scott*, 555 PHIL 1988 (unpublished memorandum at 3–5); 42 Pa.C.S. § 9544(a).

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/5/2015