J. S45021/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARK JOSEPH COWDER, | : | |
| | : | |
| Appellant | : | |
| | : | No. 1630 WDA 2015 |

Appeal from the PCRA Order September 3, 2015
In the Court of Common Pleas of Clearfield County
Criminal Division at No(s): CP-17-CR-0000685-2008

BEFORE: OLSON, DUBOW AND PLATT, JJ.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED SEPTEMBER 07, 2016**

Appellant, Mark Joseph Cowder, appeals *pro se* from the September 3, 2015 Order entered in the Court of Common Pleas of Clearfield County dismissing Appellant's *pro se* "Petition/Motion to Vacate Judgment of Sentence-Motion to Set Aside the Mandatory Minimum Sentence, Pursuant to Cases of Alleyne, Wolfe and Hopkins Writ of *Habeas Corpus*" and Appellant's *pro se* Amended Post-Conviction Relief Act (PCRA) Petition as untimely. 42 Pa.C.S. §§ 9541-9546. We affirm.

On January 21, 2009, Appellant pled guilty to Involuntary Deviate Sexual Intercourse of a Person Less Than Sixteen Years of Age, Aggravated

_____

[*] Retired Senior Judge Assigned to the Superior Court.

Indecent Assault of a Person Less Than Sixteen Years of Age, Corruption of Minors, and nineteen counts of Indecent Assault of a Person Less Than Sixteen Years of Age.[1]  On the same day, the court sentenced Appellant to an aggregate term of seven to fifteen years' incarceration.  Appellant did not file an appeal, thus his sentence became final on February 20, 2009, after the period to file a direct appeal expired.  42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903.

On October 7, 2009, Appellant filed a timely *pro se* PCRA Petition.  On March 4, 2010, court-appointed PCRA counsel filed a Petition to Withdraw and a **Turney/Finley**[2] no-merit letter.  On March 8, 2010, the PCRA court granted counsel's petition to withdraw and dismissed the PCRA claim.

On July 27, 2015, more than six years after his Judgment of Sentence became final, Appellant filed the instant "Petition/Motion to Vacate Judgment of Sentence-Motion to Set Aside the Mandatory Minimum Sentence, Pursuant to Cases of Alleyne, Wolfe and Hopkins Writ of *Habeas Corpus*."  On August 5, 2015, the PCRA court, properly treating the filing as a second PCRA

---

[1]  18 Pa.C.S. § 3123(a)(7); 18 Pa.C.S. § 3125(a)(8); 18 Pa.C.S. § 6301(a)(1); 18 Pa.C.S. § 3126(a)(8), respectively.

[2]  **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

petition, issued a Notice of Intent to Dismiss pursuant to Pa.R.Crim.P. 907.[3]

In response, Appellant filed an "Amended Post Conviction Relief Act Petition." On September 3, 2015, the PCRA court issued an Order dismissing Appellant's Petition and Amended Petition as untimely. Order, dated 9/3/15. Appellant timely appealed. Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

1. Did the [PCRA] Court err in deciding the [Appellant]'s Sentence (Mandatory Minimum/Maximum) was not [i]llegal under Alleyne, Wolfe, Hopkins, and was the Court in err [sic] to not apply Alleyne, [r]etroactive [sic] under Vargus?

2. Did the [PCRA] Court err in deciding the Court has no [j]urisdiction to entertain Appellant's claims, under the PCRA [s]tatutes?

3. Did the [PCRA] Court err in changing the *Habeas Corpus* to a PCRA?

Appellant's Brief at "2" (actual page 3).

In the instant case, our standard of review is well settled:

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

***Commonwealth v. Ruiz***, 131 A.3d 54, 57 (Pa. Super. 2015) (quotation and citation omitted).

---

[3] The PCRA Court also gave Appellant twenty days to "file an amended document" that complied with Pa.R.Crim.P. 902 and specifically addressed the issue of timeliness. Notice of Intent to Dismiss, filed 8/5/15, at 2.

A petitioner must file a PCRA petition, including a second or subsequent petition, within one year of the date that the judgment becomes final. 42 Pa.C.S. § 9545(b)(1). "If a petition is not filed within the one-year time frame, the courts lack jurisdiction to grant relief unless the petitioner can plead and prove that one of the three statutorily-enumerated exceptions to the time-bar applies." *Commonwealth v. Fowler*, 930 A.2d 586, 591 (Pa. Super. 2007).

These exceptions include interference by government official, newly discovered evidence, and the assertion of a newly recognized constitutional right. 42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petition invoking one or more of these exceptions must be filed within sixty days of the date the claim first could have been presented. 42 Pa.C.S. § 9545(b)(2).

In this case, Appellant had to file a PCRA Petition on or before February 20, 2010, or within one year of his sentence becoming final, for it to be timely. 42 Pa.C.S. § 9545(b)(1). Instead, Appellant filed the instant PCRA Petition on July 27, 2015, more than six years after his sentence became final. Therefore, the PCRA Petition was patently untimely. *Id.*

In Appellant's first two issues on appeal, he argues that the trial court incorrectly dismissed his PCRA petition as untimely because an exception to the time-bar exists, namely a newly recognized constitutional right. *See* 42 Pa.C.S. § 9545(b)(1)(iii). The PCRA court opined:

> The [Appellant]'s claims based upon *Alleyne v. United States*, 133 S.Ct. 2151, 186 L.Ed. 2d 314 (2013) are misplaced, as

- 4 -

> *Alleyne* does not apply retroactively on post conviction review. *[Commonwealth] v. Riggle*, 2015 WL 4094427 (Pa. Super. 2015).

Order, filed 9/3/15. We agree.

The Pennsylvania Supreme Court recently addressed this very issue, and held unequivocally that "*Alleyne* does not apply retroactively to cases pending on collateral review[.]" *Commonwealth v. Washington*, No. 37 EAP 2015, 2016 WL 3909088, at *8 (Pa. July 19, 2016). Accordingly, the PCRA court was correct in determining that Appellant failed to satisfy the new constitutional right exception to the time-bar. We find no error.

Appellant's third argument asserts that the PCRA Court erred in "changing the *Habeas Corpus* to a PCRA." Appellant's Brief at "2." We disagree. This Court has determined that "the PCRA is the exclusive vehicle for obtaining post-conviction collateral relief. This is true regardless of the manner in which the petition is titled." *Commonwealth v. Kutnyak*, 781 A.2d 1259, 1261 (Pa. Super. 2001) (internal citation omitted). In fact, the PCRA statute specifically requires such treatment:

> The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis.

42 Pa.C.S.A. § 9542. Notably, the Appellant himself treated the "*Habeus Corpus*" filing as a PCRA Petition when he filed an amended version and

entitled it "Amended Post Conviction Relief Act Petition." Accordingly, Appellant's claim is without merit and we find no error.

The trial court did not err when it determined that Appellant's PCRA petition was patently untimely and that no exceptions to the time-bar exist.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/7/2016