COMMONWEALTH of Pennsylvania, Appellee

v.

Mark Allen **KUTNYAK**, Appellant.

Superior Court of Pennsylvania.

Argued June 28, 2001.
Filed Aug. 13, 2001.

Mark A. Kutnyak, appellant, pro se.

Adrienne Duvall, Assistant District Attorney, Norristown, for Com., appellee.

Before: HUDOCK, STEVENS and POPOVICH, JJ.

HUDOCK, J.

¶ 1 Appellant appeals, *pro se*, the order entered October 11, 2000, disposing of his first petition brought pursuant to the Post Conviction Relief Act (PCRA), 42 Pa. C.S.A. sections 9541–46. Appellant's petition was denied without a hearing. For the reasons that follow, we vacate and remand.

¶ 2 On September 15, 1995, Appellant entered an open plea to aggravated assault, aggravated indecent assault, and criminal trespass. Appellant waived his right to counsel and entered the pleas *pro se*. The trial court sentenced Appellant on November 17, 1995, to two and one-half to ten years' imprisonment. No direct appeal was filed.

¶ 3 Appellant filed the instant petition on September 8, 2000, *pro se*. The court denied relief on October 11, 2000, without appointing counsel to represent Appellant, and without issuing notice pursuant to Pa. R.Crim.P. 1507, 42 Pa.C.S.A.,[1] of its intent to dismiss the petition without a hearing. This timely *pro se* appeal followed.

---

1. The Rules of Criminal Procedure were subsequently renumbered as of April 1, 2001, and the material at Pa.R.Crim.P. 1507 may now be found at Pa.R.Crim.P. 907.

¶ 4 In reviewing the propriety of the PCRA court's dismissal of the petition, we are limited to determining whether the court's findings are supported by the record and whether the order is free of legal error. *Commonwealth v. Allen,* 557 Pa. 135, 142, 732 A.2d 582, 586 (1999). On appeal, Appellant argues the court improperly denied his petition without appointing counsel and without providing Rule 1507 notice of its intent to dismiss without a hearing. Appellant also argues the merits of the numerous issues contained in his petition.

¶ 5 We first observe that Appellant's *pro se* petition, entitled "Notice of Post–Sentence Motion Challenging Validity of Guilty Plea to Permit Withdrawal, *Nunc Pro Tunc,*" must be treated as a PCRA petition, since the PCRA is the exclusive vehicle for obtaining post-conviction collateral relief. *Commonwealth v. Bronshtein,* 561 Pa. 611, 614 n. 3, 752 A.2d 868, 869–70 n. 3 (2000). This is true regardless of the manner in which the petition is titled. *Commonwealth v. Hutchins,* 760 A.2d 50, 52 n. 1 (Pa.Super.2000). Indeed, the PCRA statute specifically provides for such treatment:

> The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis.

42 Pa.C.S.A. § 9542. Simply because the merits of the PCRA petition cannot be considered due to previous litigation, waiver, or an untimely filing, there is no alternative basis for relief outside the framework of the PCRA. *See generally, Commonwealth v. Fahy,* 558 Pa. 313, 332, 737 A.2d 214, 223–224 (1999) (citing *Commonwealth v. Chester,* 557 Pa. 358, 733 A.2d 1242 (1999)).

¶ 6 The court below first states the petition appears to most closely resemble a post-sentence motion and proceeds to evaluate the merits of the petition on this basis, prior to finding the petition "cannot" be considered a PCRA petition. PCRA Court Opinion, 12/22/00, at 2–4. However, as the only avenue of relief available to Appellant nearly five years after his sentencing is through the PCRA, the court below should have evaluated the filing solely as a first PCRA petition. *See Bronshtein, Hutchins, supra.*

¶ 7 We next observe that, contrary to the implication contained in the PCRA court's opinion, there is no requirement that a petitioner utilize the standard PCRA petition form provided for *pro se* petitioners, although petitioners may certainly take advantage of using the forms to assist them in the filing of their petitions. The court states in its opinion that "the Defendant has completely failed to comply with any of the rules governing PCRA claims or *to utilize a standard form.*" PCRA Court Opinion, 12/22/00, at 5 (emphasis added).

¶ 8 Appellant cites the case of *Commonwealth v. Jerman,* 762 A.2d 366 (Pa.Super.2000), in support of his argument that the court erred in stating that he failed to use a particular form for the petition. Appellant's Brief, at 35. In *Jerman,* the clerk of courts returned the filing to the petitioner, without docketing the petition, because it was "not the correct paperwork." *Id.* at 367 (footnote omitted). The petitioner filed a second PCRA petition utilizing the prison-supplied form; however, the second petition was now untimely filed due to the delay. *Id.* at 368. This Court held that "[t]here is no requirement that a PCRA petition be on any particular form" and considered the second petition as an extension of the first, relating the filing date back to that of the first petition.

*Id.* We further held that the court should have appointed counsel and considered the merits of the petition. *Id.* at 369. In the case at hand, the court erroneously concluded, in part, that Appellant failed to file the petition on the "required" form.

¶ 9 Therefore, we could vacate and remand on this basis alone, as this conclusion by the court is in error. However, we will also address statements made by both the court and the Commonwealth to the effect that because the petition at issue "does not meet the requirements" of a PCRA petition, it may not be considered a PCRA petition. The court analyzed the merits of the Appellant's filing and stated it failed to meet the requirements of a post-sentence motion, direct appeal, or collateral attack. PCRA Court Opinion, 12/22/00, at 1. Curiously, the court states "[t]he 'Petition' *cannot* be considered to be and does not meet the requirements for post conviction relief." *Id.* at 4 (emphasis added). The court further found that "since there were no valid PCRA claims before the court, there was no basis to appoint counsel." *Id.* at 5.

¶ 10 To the contrary, the petition must be considered a PCRA petition, and counsel must be appointed to represent Appellant. Our Supreme Court held in *Commonwealth v. Albrecht,* 554 Pa. 31, 720 A.2d 693 (1998), that an unrepresented petitioner who is indigent has a right to court-appointed counsel to represent him on his first PCRA petition. *See* also *Commonwealth v. Quail,* 729 A.2d 571 (Pa.Super.1999). "The denial of PCRA relief cannot stand unless the petitioner was afforded the assistance of counsel" *Albrecht, supra,* at 43, 720 A.2d at 699 (citing *Commonwealth v. Duffey,* 551 Pa. 675, 713 A.2d 63 (1998)). The PCRA court may not first evaluate the merits of the petition, as was done in this case, and then deny the

appointment of counsel because the petition lacks merit. To do so undermines the very purpose of appointing counsel and thwarts the intent of the Legislature in providing counsel to indigent petitioners in collateral proceedings. *See generally, Commonwealth v. Hampton,* 718 A.2d 1250, 1253–1254 (Pa.Super.1998). The issue of whether the petitioner is entitled to relief is another matter entirely, which is to be determined after the appointment of counsel and the opportunity to file an amended petition.

¶ 11 Therefore, as this is Appellant's first PCRA petition, he is entitled to counsel to represent him despite any apparent untimeliness of the petition or the apparent non-cognizability of the claims presented. *Hampton,* 718 A.2d at 1253 (holding that appointment of counsel is necessary despite the apparent untimeliness of petition). *See also Commonwealth v. Guthrie,* 749 A.2d 502, 504 (Pa.Super.2000) (holding there is no need to formally request counsel on a first PCRA petition, since counsel will be appointed) (citing *Commonwealth v. Ferguson,* 722 A.2d 177 (Pa.Super.1998)). Therefore, we are constrained to vacate and remand this matter for the appointment of counsel to represent Appellant.

¶ 12 Finally, we note this petition was dismissed without the requisite twenty days' notice pursuant to Pa.R.Crim.P. 1507, 42 Pa.C.S.A.[2] On appeal, Appellant objects to this lack of notice. Appellant's Brief, at 6, 33. This Court has previously held that compliance with Rule 1507 is mandatory. *Commonwealth v. Feighery,* 443 Pa.Super. 327, 661 A.2d 437, 439 (1995). However, in *Commonwealth v. Pursell,* 561 Pa. 214, 749 A.2d 911 (2000), our Supreme Court found the PCRA court committed no reversible error in failing to give notice under an analogous notice pro-

2. *See* footnote 1, *supra.*

vision. The Supreme Court recognized the merit of Pursell's argument that the court erred in failing to provide him with notice of its intent to dismiss without a hearing, but refused to provide relief on that basis because it found Pursell's second PCRA petition untimely filed. As Pursell failed to invoke the jurisdiction of the court by pleading the applicability of any time of filing exception, he was not entitled to relief. *Id.* at 225 n. 7, 749 A.2d at 917 n. 7 (2000).

¶ 13 Here, it appears that Appellant's petition may likewise be untimely; if so, the lack of notice would not itself be a basis upon which to reverse the decision, based on *Pursell.* However, we urge the court below to observe the procedural requirements in issuing notice prior to dismissal of the petition, should the court on remand wish to again dismiss the petition without a hearing.

¶ 14 Accordingly, having found that Appellant was entitled to court appointed counsel for his first PCRA petition, we "vacate the order dismissing Appellant's petition and remand for the appointment of counsel and such further proceedings as are appropriate under the PCRA." *Jerman,* 762 A.2d at 369.

¶ 15 Order vacated. Remanded for proceedings consistent with this opinion. Jurisdiction relinquished.

¶ 16 STEVENS, J. concurs in the result.