J-S53024-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LARRY ELLSWORTH STEWART | |
| Appellant | No. 176 MDA 2015 |

Appeal from the Order Entered December 23, 2014
In the Court of Common Pleas of Perry County
Criminal Division at No(s): CP-50-CR-0000496-2013

BEFORE:  DONOHUE, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                **FILED SEPTEMBER 09, 2015**

Because Stewart's *pro se* motion to withdraw guilty plea should have been treated as a first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546,[1] and because the trial court failed to appoint counsel, we vacate the December 23, 2014 order denying him relief

---

[1] On January 9, 2014, Stewart entered a guilty plea to one count of driving under the influence (DUI), and one count of driving under suspension. ***See*** 75 Pa.C.S. §§ 3802(c) (highest rate of alcohol) (fourth offense for sentencing purposes), and 1543(b)(1.1)(i) (summary offense), respectively. On March 6, 2014, the trial court sentenced him to one to five years' imprisonment on the DUI charge, and a 90 day term of imprisonment on the driving under suspension charge, to run consecutively.  No post-sentence motion or direct appeal was filed.  On December 17, 2014, Stewart filed the *pro se* motion to withdraw guilty plea underlying this appeal, claiming the Commonwealth breached the plea agreement.  The trial court denied the motion by order filed December 26, 2014, after which Stewart filed this *pro se* appeal on January 22, 2015.

and remand for a determination of indigence and, if Stewart is found to be indigent, for the appointment of counsel. ***See Commonwealth v. Kutnyak***, 781 A.2d 1259, 1261 (Pa. Super. 2011), *appeal denied*, 863 A.2d 1144 (Pa. 2004) (treating appellant's *pro se* motion challenging his guilty plea as a PCRA petition "regardless of the manner in which the petition is titled"; concluding appellant was entitled to counsel on his first PCRA petition).

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/9/2015