J-S62011-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DAVID RAY BISH, | |
| Appellant | No. 220 WDA 2015 |

Appeal from the Order January 19, 2015
in the Court of Common Pleas of Jefferson County
Criminal Division at No.: CP-33-CR-0000210-2009

BEFORE:  GANTMAN, P.J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED NOVEMBER 30, 2015**

Appellant, David Ray Bish, appeals *pro se* from the order denying his motion for reconsideration of sentence.  Because we conclude that Appellant's request for relief should have been treated as a first petition filed pursuant to the Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546, we vacate and remand for appointment of counsel.

The background facts and procedure of this case are as follows.  On June 30, 2009, the Commonwealth filed an information against Appellant charging him with possession with intent to deliver (PWID)[1] 250 grams of methamphetamine, and related charges.  On February 2, 2011, Appellant

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30).

pleaded guilty to PWID, and the Commonwealth *nolle prossed* the remaining charges. On February 3, 2011, the court sentenced Appellant to a mandatory term of not less than five nor more than ten years' incarceration, plus fees and costs. Appellant did not file post-trial motions or a direct appeal, and his judgment of sentence became final on March 5, 2011. **See** Pa.R.Crim.P. 720(A)(3); 42 Pa.C.S.A. § 9545(b)(3). Plea counsel filed a motion to withdraw his appearance, which the court granted on March 7, 2011.

Nearly four years later, on January 14, 2015, Appellant filed a *pro se* motion for reconsideration of sentence on the basis of ***Alleyne v. U.S.***, 133 S. Ct. 2151 (2013). On January 19, 2015, the court denied the motion as untimely. Appellant timely appealed on February 4, 2015, and filed a timely Rule 1925(b) statement on February 25, 2015 pursuant to the court's order. **See** Rule 1925(b). The court filed an opinion on March 9, 2015. **See** Pa.R.A.P. 1925(a).

Appellant raises two questions for our review: "1. Did the trial court abuse its discretion by dismissing Appellant's motion for reconsideration of sentence in light of recent Superior Court and Supreme Court decisions?" and "2. Did the trial court impose an unconstitutional mandatory minimum sentence?" (Appellant's Brief, at 4 (internal quotation marks and most capitalization omitted)).

Before we reach the merits of Appellant's issues, we must determine whether Appellant's request for relief should be considered an untimely post-sentence motion or a PCRA petition.

It is well-settled that:

> . . . Despite the ten-day time limit for post-sentence motions, there are occasions when such motions may be treated as petitions under the [PCRA]. The content of the motion—just exactly what is pled and requested therein—is relevant to deciding whether to treat the motion as a collateral petition. *See Commonwealth v. Lutz*, 788 A.2d 993, 996 n. 7 (Pa. Super. 2001) (holding that, generally, a filing that raises issues cognizable under the PCRA will be considered a PCRA petition while a filing requesting relief outside the PCRA will not be so treated).

*Commonwealth v. Wrecks*, 931 A.2d 717, 720 (Pa. Super. 2007) (one citation omitted); *see also Commonwealth v. Taylor*, 65 A.3d 462, 465-66 (Pa. Super. 2013) ("[T]he PCRA is intended to be the sole means of achieving post-conviction relief[]" and "any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition.") (citations omitted).

Here, Appellant filed his motion nearly four years after the imposition of his judgment of sentence. Therefore, it is well beyond the ten-day time limit for filing a post-sentence motion. Appellant's motion raised an illegal sentencing issue based on *Alleyne*. (*See* Motion for Reconsideration of Sentence, 1/14/15, at unnumbered page 1); *see also Commonwealth v. Watley*, 81 A.3d 108, 117-18 (Pa. Super. 2013), *appeal denied*, 95 A.3d 277 (Pa. 2014) ("*Alleyne* . . . implicate[s] Pennsylvania's legality of

- 3 -

sentencing construct"). Claims of an illegal sentence are cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9542 ("This subchapter provides for an action by which persons . . . serving illegal sentences may obtain collateral relief."). Therefore, Appellant's motion should have been treated as a first PCRA petition.

Our standard of review for the denial of PCRA relief is "whether the court's findings are supported by the record and whether the order is free of legal error." *Commonwealth v. Kutnyak*, 781 A.2d 1259, 1261 (Pa. Super. 2001) (citation omitted).

We observe that:

> an unrepresented petitioner who is indigent has a right to court-appointed counsel to represent him on his first PCRA petition. The denial of PCRA relief cannot stand unless the petitioner was afforded the assistance of counsel. The PCRA court may not first evaluate the merits of the petition, as was done in this case, and then [not appoint] counsel because the petition lacks merit. To do so undermines the very purpose of appointing counsel and thwarts the intent of the Legislature in providing counsel to indigent petitioners in collateral proceedings. The issue of whether the petitioner is entitled to relief is another matter entirely, which is to be determined after the appointment of counsel and the opportunity to file an amended petition.

*Id.* at 1262 (citations and quotation marks omitted).

Here, the court did not appoint PCRA counsel, and instead reviewed the motion on its merits, finding that, if it was in fact a PCRA petition, it was

untimely pursuant to 42 Pa.C.S.A. § 9545(b)(1),[2] and that Appellant failed to plead and prove a timeliness exception. (**See** Trial Court Opinion, 3/09/15, 1-2).[3] We are constrained to conclude that this was error. Before considering the merits of Appellant's *pro se* first PCRA petition, the court should have appointed PCRA counsel. **See Kutnyak**, **supra** at 1262 (Holding that, "as this is [a]ppellant's first PCRA petition, he is entitled to counsel to represent him despite any apparent untimeliness of the petition or the apparent non-cognizability of the claims presented.").

Hence, we vacate and remand for the appointment of counsel and proceedings consistent with this decision.

Order vacated. Case remanded. Jurisdiction relinquished.

---

[2] Section 9545(b) of the PCRA provides, in pertinent part: "Any petition under this subchapter . . . shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves" the applicability of one of the enumerated timeliness exceptions. 42 Pa.C.S.A. § 9545(b)(1).

[3] The court also found that, if it considered Appellant's request for relief a post-trial motion, it lacked jurisdiction to decide it pursuant to 42 Pa.C.S.A. § 5505. (**See** Trial Ct. Op., at 1).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/30/2015