J. S15019/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                   :          PENNSYLVANIA
                                   :
             v.                   :
                                   :
FERDINAND VENGOECHEA,           :
                                   :
           APPELLANT      :
                                   :          No. 2547 EDA 2016

Appeal from the Order July 7, 2016
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0001894-2004

BEFORE: BOWES, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY DUBOW, J.:          **FILED MARCH 20, 2017**

Appellant, Ferdinand Vengoechea, appeals *pro se* from the July 7, 2016 Order denying his Petition for Credit for Imprisonment While in Custody Prior to Sentence ("Petition"). After careful review, we conclude that the trial court should have considered Appellant's Petition to be his first Petition for Post-Conviction Relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546; and, thus, should have appointed counsel. We, therefore, vacate and remand with instructions.

On June 16, 2004, Appellant pled guilty to Aggravated Assault, Possessing an Instrument of Crime, and related charges in the instant case. The trial court sentenced Appellant to 3½ to 7 years of incarceration, followed by a consecutive term of 5 years of probation.

In October of 2014, while still serving his probation in the instant case, Appellant was arrested and charged with Failure to Comply with Registration of Sexual Offender Requirements and Driving Under the Influence for two unrelated incidents in Philadelphia County and Bucks County, respectively. On May 15, 2015 and June 10, 2015, Appellant plead guilty in each of the new cases.

On June 22, 2015, the trial court found that Appellant was in violation of his probation based on the new convictions. The trial court revoked his probation, resentenced him to a negotiated term of 2 to 4 years of imprisonment, and granted Appellant credit for time served from June 11, 2015. Appellant did not file post-sentence motions or a direct appeal.

On March 28, 2016, Appellant filed a *pro se* Petition entitled "Petition for Credit for Imprisonment While in Custody Prior to Sentence" wherein he argued that he was entitled to credit for time served between October 20, 2014, and June 22, 2015. On July 7, 2016, the lower court denied the Petition as an untimely post-sentence motion without conducting a hearing on the Petition, appointing counsel, or conducting a hearing pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

Appellant filed a timely Notice of Appeal. Appellant and the trial court both complied with Pa.R.A.P. 1925.

We begin by noting that the lower court failed to properly classify Appellant's Petition as a PCRA Petition. Appellant's *pro se* Petition,

challenging the trial court's failure to award credit for time served, was a challenge to the legality of his sentence imposed after the revocation hearing. **See Commonwealth v. Beck**, 848 A.2d 987, 989 (Pa. Super. 2004) (noting that a claim challenging the trial court's failure to award credit for time served is a challenge to the legality of sentence). Challenges to the legality of sentence are cognizable under the PCRA. **See Commonwealth v. Hockenberry**, 689 A.2d 283, 288 (Pa. Super. 1997) (finding that an untimely motion to modify sentence that challenges the legality of a sentence should be treated as a PCRA Petition); **see also Commonwealth v. Kutnyak**, 781 A.2d 1259, 1261 (Pa. Super. 2001) (holding that, regardless of what a defendant titles his petition, "the PCRA is the exclusive vehicle for obtaining post-conviction collateral relief."). Accordingly, the lower court should have treated the Petition as a PCRA Petition.

Given the trial court's failure to properly consider Appellant's Petition under the PCRA, we vacate the Order denying relief and remand with instructions to consider the Petition under the PCRA. Further, because the instant PCRA Petition is Appellant's first following the imposition of the new sentence on revocation and challenges the legality of his newly-imposed sentence, the interests of justice require the lower court to appoint counsel to assist Appellant in filing an amended PCRA Petition. **See** Pa.R.Crim.P. 904(E).

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/20/2017