J-A29044-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID RICHARDSON, | : | |
| | : | |
| Appellant | : | No. 904 EDA 2017 |

Appeal from the PCRA Order February 22, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0848941-1993

BEFORE:    LAZARUS, PLATT,* and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED DECEMBER 04, 2017**

David Richardson (Appellant) appeals from the February 22, 2017 order that dismissed his petition for writ of *habeas corpus*, which the court properly deemed to have been filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.[1]  We affirm.

In June 1993, Appellant and a co-defendant were involved in a fist fight with Gerald Smith and another man; two days later Appellant killed Smith in a drive-by shooting.  In 1995, following convictions for, *inter alia*, first-degree

---

[1] "[T]he PCRA subsumes all forms of collateral relief, including *habeas corpus*, to the extent a remedy is available under such enactment." ***Commonwealth v. West***, 938 A.2d 1034, 1043 (Pa. 2007).  "Simply because the merits of the PCRA petition cannot be considered due to previous litigation, waiver, or an untimely filing, there is no alternative basis for relief outside the framework of the PCRA."  ***Commonwealth v. Kutnyak***, 781 A.2d 1259, 1261 (Pa. Super. 2001).

*Retired Senior Judge assigned to the Superior Court.

murder, Appellant was sentenced to life imprisonment. This Court denied Appellant relief on direct appeal, and his judgment of sentence became final in 1997 after our Supreme Court denied his petition for allowance of appeal. *Commonwealth v. Richardson*, 694 A.2d 1121 (Pa. Super. 1997) (unpublished memorandum), *appeal denied*, 700 A.2d 440 (Pa. 1997). Appellant subsequently filed numerous PCRA petitions that resulted in no relief.

Appellant filed the petition that is the subject of the instant appeal on June 8, 2016. Therein, Appellant claimed that he was denied constitutionally-required due process of law based upon (1) evidence admitted in his trial of "a prior unrelated crime;" (2) "the misrepresentation of the prior crime evidence" offered at trial by the Commonwealth; and (3) his "preclus[ion] from challenging the introduction of the prior crime evidence on appeal." Petition for Writ of *Habeas Corpus*, 6/8/2016, at 3.

The PCRA court issued notice of its intent to dismiss the petition without a hearing as an untimely-filed PCRA petition, to which Appellant filed a response in opposition. On February 22, 2017, the PCRA court entered an order dismissing Appellant's petition. Appellant timely filed a notice of appeal. Appellant presents this Court with the following questions.

> A. Did the PCRA court commit reversible error in denying Appellant's *pro-se* post conviction petition as untimely filed where Appellant established that his governmental interference and newly discovered fact claims were within the plain language of the

- 2 -

timeliness exception[s] at 42 Pa.C.S.[ §] 9545(b)(1)(i) & (ii) as well as [sub]section 9545(b)(2)?

B.    Would Appellant be entitled to a new trial, or remand for an evidentiary hearing based upon the preliminary objections of the attorney for the Philadelphia District Attorney's Office who identified the issue that the prosecutor may have improperly introduced other crime evidence?

C.    Would Appellant be entitled to file a subsequent post conviction petition under the miscarriage of justice exception where the first degree murder jury instruction was improper?

Appellant's Brief at 4 (trial court answers and unnecessary capitalization omitted).

We begin our review by noting the relevant legal principles. Any PCRA petition, including second and subsequent petitions, must either (1) be filed within one year of the judgment of sentence becoming final, or (2) plead and prove a timeliness exception. 42 Pa.C.S. § 9545(b). The statutory exceptions include proof that: "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States," 42 Pa.C.S. § 9545(b)(1)(i); and "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii). Furthermore, the petition "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

J-A29044-17

Appellant's 2016 petition is facially untimely, as his judgment of sentence became final in 1997. Appellant argues that he is able to satisfy the following timeliness exceptions: governmental interference, Appellant's Brief at 21-23; newly-discovered facts, Appellant's Brief at 23-27; and "the miscarriage of justice exception," Appellant's Brief at 36.

The factual basis underlying Appellant's arguments is that the Commonwealth introduced at his murder trial evidence that Appellant was involved in a fight with the victim two days before the victim was shot. Appellant offers no explanation of how the government interfered with his ability to present his claim before 2016, or why he did not discover before 2016 what happened at his 1995 trial. On the contrary, the issue in question was raised by Appellant 20 years ago in his direct appeal, and this Court rejected the argument on its merits, holding the evidence "was admissible to show the history and natural development of the case and was probative of [A]ppellant's motive for the murder of the victim."[2] **Richardson**, 694 A.2d 1121 (unpublished memorandum at 7).

Furthermore, there is no "miscarriage of justice" exception to the PCRA's timeliness requirements. **Commonwealth v. Burton**, 936 A.2d 521, 527

---

[2] Because the claim was previously litigated, we would conclude that Appellant is ineligible for relief if we had jurisdiction to consider the merits of the claim. 42 Pa.C.S. § 9543(a)(3) ("To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following: … That the allegation of error has not been previously litigated or waived….").

- 4 -

(Pa. Super. 2007) ("[T]he courts of Pennsylvania will only entertain a 'miscarriage of justice' claim when the initial timeliness requirement is met. … [T]here is no 'miscarriage of justice' standard exception to the time requirements of the PCRA.").

Appellant's petition was filed untimely and he failed to establish a viable exception. Therefore, the PCRA court was without jurisdiction to entertain the merits of Appellant's claims, and it did not err in dismissing the petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 12/4/2017