J-A27015-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHANE HACKWORTH, | |
| Appellant | No. 752 WDA 2017 |

Appeal from the Order Entered May 11, 2017
In the Court of Common Pleas of Erie County
Criminal Division at No(s): No. CP-25-CR-0001441-2008

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                    FILED JANUARY 3, 2018

Appellant, Shane Hackworth, appeals pro se from the trial court's May 11, 2017 order denying his "Motion for Reconsideration of Sentence Nunc Pro Tunc." After careful consideration, we vacate the court's order and remand for further proceedings consistent with this decision.

The facts of Appellant's underlying convictions are not necessary to our disposition of this appeal. The trial court briefly summarized the procedural history of Appellant's case, as follows:

Appellant pled guilty to the following charges on July 24, 2008:

Count One: Defiant Trespass, 18 Pa.C.S.[] § 3503(b)(1)(v);

Count Two: Possession of Marijuana, 35 Pa.C.S.[] § 780-113(a)(31); and

Count Three: Possession of Drug Paraphernalia, 35 Pa.C.S.[] § 780-113(a)(32).

Appellant applied for admission into the Erie County Drug Treatment Court. He was admitted into Drug Treatment Court and sentenced on July 24, 2008. At Count One, Appellant was sentenced to a probation period of 3 years consecutive to Docket Number 3068 of 2007. At Count Two, Appellant was sentenced to a probation period of 30 days, consecutive to Count One. At Count Three, Appellant was sentenced to a probation period of 12 months, concurrent to Count One.

On July 23, 2009[,] Appellant's probation was revoked. Appellant was re-sentenced to probation again.

Appellant did not file any post-sentence motions in the ten[-]day periods following either his original sentencing or his revocation and re-sentencing. His first filing at this docket was on May 10, 2017, with the present Motion for Reconsideration of Sentence Nunc Pro Tunc. After this Motion was denied as untimely, Appellant filed a Notice of Appeal on May 11, 2017.

Trial Court Opinion (TCO), 1/7/17, at 1-2.

Appellant timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court issued its Rule 1925(a) opinion on June 7, 2017. Therein, the court construes Appellant's "Motion for Reconsideration of Sentence Nunc Pro Tunc" as an untimely post-sentence motion, and/or an untimely "attempt to appeal his sentence … over seven years after the deadline." Id. at 2. Accordingly, the court deems all of Appellant's issues waived. Id.

We need not address the issues raised by Appellant herein, as the record before us makes it patently clear that the trial court erred by not treating his pro se "Motion for Reconsideration of Sentence Nunc Pro Tunc" as his first petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. See Commonwealth v. Taylor, 65 A.3d 462, 466 (Pa. Super. 2013) ("[A]ll motions filed after a judgment of sentence is final are to

- 2 -

be construed as PCRA petitions.") (citing Commonwealth v. Fowler, 930 A.2d 586, 591 (Pa. Super. 2007)). Notably, in that motion, Appellant asserted, inter alia, that his trial counsel acted ineffectively, and that he has discovered new evidence pertinent to his case. See, e.g., Motion for Reconsideration of Sentence Nunc Pro Tunc, 5/10/17, at 3 (unnumbered) ("By these issues alone (and others) counsels [sic] failure to seek correction, file pre[-]trial motions or argue these facts, no lawyer that was competent would have failed to act to protect the Petitioner [sic] rights."). Such claims are cognizable under the PCRA. See 42 Pa.C.S. § 9543(a)(2)(ii), (vi).

Therefore, the trial court should have treated Appellant's motion as a PCRA petition, and ascertained if he is entitled to court-appointed counsel under Pa.R.Crim.P. 904(C) (requiring that counsel be appointed "when an unrepresented defendant satisfies the judge that [he] is unable to afford or otherwise procure counsel").[1] See also Commonwealth v. Albrecht, 720 A.2d 693 (Pa. 1998) (holding that an unrepresented petitioner who is indigent has the right to court-appointed counsel to represent him on his first PCRA petition). Accordingly, we vacate the trial court's May 11, 2017

_____

[1] Appellant may be entitled to counsel, even though his PCRA petition appears untimely on its face. Commonwealth v. Smith, 818 A.2d 494, 500–01 (Pa. 2003) (concluding "that Rule 904 mandates that an indigent petitioner, whose first PCRA petition appears untimely, is entitled to the assistance of counsel in order to determine whether any of the exceptions to the one-year time limitation apply").

order, as it effectively denied Appellant's first PCRA petition without affording him his right to counsel. See Commonwealth v. Kutnyak, 781 A.2d 1259, 1262 (Pa. Super. 2001) ("The denial of PCRA relief cannot stand unless the petitioner was afforded the assistance of counsel.") (citation omitted). We remand for the court to treat Appellant's May 10, 2017 motion as a PCRA petition, and appoint him counsel if he is so entitled under Rule 904(C).

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/3/2017