J-S22020-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CHARLES WASHINGTON | |
| Appellant | No. 2562 EDA 2016 |

Appeal from the PCRA Order entered July 20, 2016
In the Court of Common Pleas of Lehigh County
Criminal Division at No: CP-39-CR-0002109-2014

BEFORE:  BENDER, P.J.E., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY STABILE, J.:                    **FILED JULY 16, 2018**

Appellant, Charles Washington, appeals from the July 20, 2016 order entered in the Court of Common Pleas of Lehigh County, denying his first petition for collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we vacate and remand.

The underlying facts are not at issue here.  Thus, there is no need to recite the factual background.  We must, however, summarize the relevant procedural history.

> On July 10, 2015, [Appellant] entered pleas of guilty to Criminal Homicide, Murder of the Third Degree (18 Pa.C.S.A. § 2501(a)), Robbery (18 Pa.C.S.A. § 3701(a)(1)(i)), and Criminal Conspiracy to Commit Robbery (18 Pa.C.S.A. § 903(c)).  In exchange for the guilty pleas, the Commonwealth agreed to set [Appellant]'s minimum sentence at thirty-five (35) years.  [Appellant] agreed

_____

* Retired Senior Judge assigned to the Superior Court.

to waive any and all appeal rights. On the same date, [the trial court] sentenced [Appellant], in compliance with the terms of the plea agreement, to an aggregate term of state imprisonment of not less than thirty-five (35) years nor more than eighty (80) years. Thereafter, on July 19, 2016, in contravention of the plea agreement, [Appellant] filed a Motion for Post Conviction Collateral Relief [alleging ineffective assistance of counsel]. [The PCRA court] denied said motion on July 20, 2016. The within appeal followed on August 11, 2016.

PCRA Court Opinion, 8/22/16, at 1-2.[1]

The PCRA court denied Appellant's first PCRA petition, without appointing him counsel, because: (i) Appellant "waived his appellate rights, including the filing of a [PCRA] petition as part of his negotiated plea agreement," and (ii) the independent review of plea counsel's effectiveness following his guilty plea showed no indicia of ineffectiveness. PCRA Court Opinion, 8/22/16, at 2.

Appellant argues the PCRA court erred in denying Appellant's first timely PCRA petition without appointing him counsel. We agree.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014).

---

[1] Following the filing of the instant appeal, the PCRA court granted Appellant leave to proceed *in forma pauperis* and appointed counsel to represent him in the instant appeal.

Appellant was entitled to appointment of counsel, prior to disposition of the petition (his first), regardless of the merits of the same.[2] ***See, e.g.,*** Pa.R.Crim.P. 904(C).[3] As we noted in ***Commonwealth v. Kutnyak***, 781 A.2d 1259 (Pa. Super. 2001),

> [t]he PCRA court may not first evaluate the merits of the petition, as was done in this case, and then deny the appointment of counsel because the petition lacks merit. To do so undermines the very purpose of appointing counsel and thwarts the intent of the Legislature in providing counsel to indigent petitioners in collateral proceedings. The issue of whether the petitioner is entitled to relief is another matter entirely, which is to be determined after the appointment of counsel and the opportunity to file an amended petition.

***Id.*** at 1262 (internal citation omitted).

Because the PCRA court erred in not appointing counsel for Appellant, we are constrained to vacate the order denying Appellant's first PCRA petition, and remand the matter to the PCRA court for the appointment of counsel.

Order vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

---

[2] The Commonwealth agrees that Appellant was entitled to counsel, and that the PCRA court erred in not appointing one prior to dismissing Appellant's first PCRA petition. Commonwealth's Brief at 5-8.

[3] Rule 904(C) provides: "Except as provided in paragraph (H) [pertaining to death penalty cases], when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief." Pa.R.Crim.P. 904(C).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/16/18