J-S25045-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GREGORY SHEL DEUTSCH, JR. , | : | |
| | : | |
| Appellant | : | No. 1657 MDA 2018 |

Appeal from the Order Entered September 25, 2018
in the Court of Common Pleas of Schuylkill County
Criminal Division at No(s):  CP-54-CR-0001126-2016

BEFORE:  STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JULY 05, 2019**

Gregory Shel Deutsch, Jr. ("Deutsch"), appeals from the Order denying and dismissing his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  **See** 42 Pa.C.S.A. §§ 9541-9546.  We vacate and remand.

On March 8, 2017, Deutsch entered a negotiated guilty plea to two counts of endangering the welfare of children, and one count of driving under the influence of a controlled substance.[2]  **See** 18 Pa.C.S.A. § 4304; 75 Pa.C.S.A. § 3802(d)(1)(i).  The trial court sentenced Deutsch, pursuant to the plea agreement, to an aggregate term of 2 to 4 years in prison.  Relevantly, the Sentencing Order indicated that Deutsch's sentence would be effective on the date of sentencing.  Deutsch did not file post-sentence motions.

_____

[1] Deutsch titled his *pro se* filing a "Motion to Enforce Plea Agreement Modification of Sentence *Nunc Pro Tunc*."  However, as we will discuss, **infra**, Deutch's Motion is actually a PCRA Petition.

[2] Deutsch was on state parole at the time he committed these offenses.

On July 23, 2018, Deutsch, *pro se*, filed the instant Petition. Deutsch argued that his parole agent informed him that he would be required to complete the backtime on his original state sentence before he could begin serving the sentence imposed in the instant case, pursuant to 61 Pa.C.S.A. § 6138.[3] The PCRA court subsequently entered an Order directing the Commonwealth to file a response, but the Commonwealth failed to comply. On September 25, 2018, the PCRA court entered an Order denying and dismissing Deutsch's Petition, without first appointing Deutsch counsel or providing notice of its intention to dismiss the Petition without a hearing, **see** Pa.R.Crim.P. 907.

Deutsch filed a timely *pro se* Notice of Appeal. On October 11, 2018, the PCRA court ordered Deutsch to file a Pa.R.A.P. 1925(b) concise statement

---

[3] Section 6138 provides, in relevant part, as follows:

**(a) Convicted violators. --**

* * *

(5) If a new sentence is imposed on the parolee, the service of the new balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed …

(i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.

61 Pa.C.S.A. § 6138(a)(5)(i).

of matters complained of on appeal within 21 days. This Court entered an Order on November 28, 2018, directing the PCRA court to determine Deutsch's eligibility for court-appointed counsel. The PCRA court subsequently appointed Deutsch counsel. Deutsch filed a *pro se* Concise Statement on November 29, 2018, the day after the PCRA court entered its Order appointing counsel.[4]

Initially, we observe that the PCRA court treated Deutsch's *pro se* filing as a direct appeal. **See** Trial Court Opinion, 1/8/19, at 1 (wherein the court stated that Deutsch filed an appeal from its March 8, 2017 Sentencing Order, and addressed Deutsch's ineffectiveness claim by stating that such a claim may not be raised until collateral review). However, Deutsch's *pro se* "Motion to Enforce Plea Agreement Modification of Sentence *Nunc Pro Tunc*," which essentially challenges his guilty plea as not knowing, intelligent, or voluntary, must be considered a Petition filed pursuant to the PCRA. **See Commonwealth v. Jackson**, 30 A.3d 516, 518 (Pa. Super. 2011) (stating that "[w]hen an action is cognizable under the PCRA, the PCRA is the sole means of obtaining collateral relief….") (citation and quotation marks

---

[4] Deutsch's court-ordered Concise Statement is facially untimely. In his Concise Statement, Deutsch asserts that he did not receive the Rule 1925(b) Order until November 19, 2018, attaching thereto a copy of an envelope from the Clerk of Courts postmarked on that date. Though the docket indicates that Notice of the court's Order was sent to Deutsch on October 12, 2018, because the PCRA court considered the issues raised in Deutsch's Concise Statement, and in light of our disposition, we decline to deem Deutsch's issues waived.

omitted); **see also Commonwealth v. Kutnyak**, 781 A.2d 1259, 1261 (Pa. Super. 2001) (concluding that motion challenging the validity of guilty plea must be treated as a PCRA petition); **Commonwealth v. Kroh**, 654 A.2d 1168, 1171 n.1 (Pa. Super. 1995) (concluding that appellant's petition for specific performance of plea agreement, raising a claim that his guilty plea was unlawfully induced, must be treated as a PCRA petition because the underlying claim was cognizable under the PCRA).

Because this is Deutsch's first PCRA Petition, he is entitled to the appointment of counsel to represent him. **Kutnyak**, 781 A.2d at 1262 (concluding that appellant was entitled to counsel for his motion challenging the validity of his guilty plea, which must be considered a PCRA petition, "despite any apparent untimeliness of the petition or the apparent non-cognizability of the claims presented."). Accordingly, we are constrained to vacate the Order denying and dismissing Deutsch's Petition, and remand for the appointment of counsel and any further proceedings as are appropriate under the PCRA. **See id.** at 1263 (remanding for proceedings consistent with the PCRA where appellant's motion challenging his guilty plea should have been considered a PCRA petition).[5]

Order vacated. Remanded for proceedings consistent with this Memorandum. Jurisdiction relinquished.

---

[5] Further, we remind the PCRA court of the procedural requirements in issuing notice prior to the dismissal, without a hearing, of a petition filed pursuant to the PCRA. **See** Pa.R.Crim.P. 907; **see also Kutnyak**, 781 A.2d at 1263.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/05/2019