J-S33036-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
DERRICK RANKINE :
:
Appellant : No. 360 EDA 2020

Appeal from the PCRA Order Entered December 30, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0406501-2000

BEFORE: DUBOW, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: Filed: August 20, 2020

Appellant Derrick Rankine files this *pro se* appeal from the order of the
Court of Common Pleas of Philadelphia County denying his third petition
pursuant to the Post-Conviction Relief Act (PCRA)[1] as untimely filed. After
careful review, we affirm.

This PCRA court summarized the facts of this case as follows:

On August 12, 1999, Appellant raped his former girlfriend in her
apartment. On that particular morning, the victim spoke to
Appellant on the phone, and they agreed that he would come to
the apartment to pick up his belongings. The victim then hung up
the phone on Appellant. When Appellant arrived, the victim let
him in and he grabbed her by the throat for hanging up on him
before going upstairs to her bedroom to retrieve his belongings.
Appellant then pushed the victim onto the bed, grabbed her under
her knees and pulled her toward him. The victim testified that she
felt afraid at this point, was trying to kick out from Appellant's
hold around her legs while also trying to keep her legs together.

---

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

Appellant then pinched her thigh, which caused her legs to open and forced his finger into her vagina. The victim told Appellant "No" and "Stop" numerous times. Appellant then forced his penis inside her vagina while he pinned her on her back. The victim struggled to free herself, but Appellant held her down with his hands and the weight of his body. After Appellant finished he told [the victim] to "call the cops." This series of events occurred while the [victim's] daughter slept in the next room. As a result of this incident, Appellant was arrested and charged with rape and related offenses.

PCRA Court Opinion, 2/4/20, at 1-2.

On July 16, 2001, a jury convicted Appellant of rape, aggravated indecent assault, and sexual assault. On October 16, 2001, the trial court sentenced Appellant to an aggregate term of fifteen to thirty years' imprisonment for the charges associated with his assault of the victim.[2] Appellant filed a timely notice of appeal. On September 28, 2002, this Court affirmed the judgment of sentence. Appellant did not file a petition for allowance of appeal in the Supreme Court.

On August 28, 2003, Appellant filed a *pro se* PCRA petition and was appointed counsel, who subsequently sought to withdraw and filed a ***Turner*-*Finley*** brief. Thereafter, the PCRA court denied Appellant's petition. On May 3, 2006, this Court affirmed the trial court's order denying Appellant's petition and on November 8, 2006, the Supreme Court denied Appellant's petition for allowance of appeal.

_____

[2] During the trial, the trial court found Appellant committed two instances of contempt of court and sentenced him to two consecutive periods of two months and twenty-nine days to five months and twenty-nine days' imprisonment. These sentences were set to run consecutively to Appellant's sentence for his assault of the victim.

On January 16, 2007, Appellant filed a second PCRA petition, which the PCRA court dismissed as untimely filed. On May 13, 2011, this Court affirmed the PCRA court's order, and on July 11, 2011, the Supreme Court denied Appellant's petition for allowance of appeal.

On November 4, 2016, Appellant filed the instant PCRA petition. On May 21, 2018, the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. After Appellant filed several responses, the PCRA court filed a second Rule 907 notice on December 2, 2019. Thereafter, on December 30, 2019, the PCRA court entered a final order dismissing Appellant's petition. This appeal followed.

Before reaching the merits of this appeal, we must first determine whether Appellant's petition was timely filed. It is well-established that "the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." *Commonwealth v. Walters*, 135 A.3d 589, 591 (Pa.Super. 2016) (citations omitted). Generally, a PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review. 42 Pa.C.S.A. § 9545(b)(3).

However, Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of the three exceptions enumerated in Section 9545(b)(1), which include: (1) the petitioner's inability

to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; or (3) a newly-recognized constitutional right that has been held to apply retroactively by the Supreme Court of the United States or the Supreme Court of Pennsylvania. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

In this case, this Court affirmed the judgment of sentence on September 28, 2002. Appellant's judgment of sentence became final on October 28, 2002, when the time period for filing a petition for allowance of appeal in the Supreme Court expired. **See** Pa.R.A.P. 1113 (providing that a petition for allowance of appeal must be filed with the Supreme Court within 30 days of this entry of this Court's order). As a result, Appellant had until October 28, 2003 to file a timely PCRA petition. Appellant's petition filed over thirteen years later, on November 4, 2016, is facially untimely.

Appellant's brief does not contain any argument or analysis to show how any of the PCRA timeliness exceptions applies to his petition. Instead, Appellant claims that he has been "innocently incarcerated – unlawfully – for a charge that did not occurred [sic] and could not have occurred." Appellant's Brief, at 8. Appellant also claims that he was arrested without probable cause and was denied an arraignment. Further, Appellant asserts that the prosecution manufactured their DNA analysis report and argues that he was denied adequate representation at trial.

Appellant's bald allegations of trial court error and ineffectiveness of counsel do not save Appellant's untimely petition for review on the merits.

- 4 -

Our courts have emphasized that a petitioner must specifically plead and prove that one of the PCRA timeliness exceptions applies to the untimely petition in order to avoid the PCRA time bar. **Commonwealth v. Beasley**, 559 Pa. 604, 609, 741 A.2d 1258, 1261 (1999).

We also note that after Appellant filed his notice of appeal in this case, he also filed in this Court an "Application for Writ of Habeas Corpus," raising the same claims that he raised in his instant PCRA petition, which the PCRA court properly dismissed as untimely filed. We emphasize that the PCRA is "the exclusive vehicle for obtaining post-conviction collateral relief… regardless of the manner in which the petition is titled." **Commonwealth v. Kutnyak**, 781 A.2d 1259, 1261 (Pa.Super. 2001). **See Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa.Super. 2013) (finding "a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*").[3]

Accordingly, we affirm the PCRA court's order dismissing Appellant's third PCRA petition and dismiss Appellant's Application for Writ of Habeas Corpus.

Order affirmed. Writ of Habeas Corpus dismissed.

---

[3] Moreover, had Appellant raised additional claims seeking post-conviction relief, original jurisdiction for claims filed under the PCRA lies with the court of common pleas. 42 Pa.C.S.A. § 9545(a).

- 5 -

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/20/20