J-S24005-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM VICTOR | : | |
| | : | |
| Appellant | : | No. 1329 WDA 2020 |

Appeal from the Order Entered November 16, 2020
In the Court of Common Pleas of Fayette County Criminal Division at
No(s):  CP-26-CR-0002764-2018

BEFORE:   DUBOW, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:               **FILED: September 01, 2021**

Appellant, William Victor, appeals from the November 16, 2020 Order denying his Motion for Extension of time to file a Post-Sentence Motion and his pre-trial Motion to Dismiss pursuant to Pa.R.Crim.P. 600.  Because the trial court erred by not treating Appellant's motion as a petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, we vacate the trial court's order and remand with instructions.

On January 15, 2019, the Commonwealth filed a Criminal Information charging Appellant with one count of Simple Assault and two counts each of

_____

[*] Former Justice specially assigned to the Superior Court.

Disorderly Conduct—Engage in Fighting and Harassment—Subject Other to Physical Contact.[1]

Appellant's six-day, non-jury trial commenced on January 7, 2020. Prior to the second day of trial, on January 8, 2020, Appellant filed a Motion to Dismiss pursuant to Pa.R.Crim.P. 600 and a Motion for a *Grazier*[2] hearing that included a request that his appointed counsel, James V. Natale, Esquire, serve as "of counsel." The court considered Appellant's Motion to dismiss and denied it. It also conducted a *Grazier* hearing, after which it permitted Appellant to represent himself, and appointed Attorney Natale standby counsel. Following the third day of trial, the court continued Appellants' trial to February 3, 2020.

On February 6, 2020, the court convicted Appellant of all charges and imposed an aggregate sentence of 18 to 36 months' imprisonment.

On February 7, 2020, the trial court reappointed Attorney Natale to represent Appellant in his direct appeal.

Appellant did not file a timely post-sentence motion.[3] Rather, on February 18, 2020, Appellant filed a Motion for Extension of time to File a

---

[1] 18 Pa.C.S. §§ 2701(a)(1), 5503(a)(1), and 2709(a)(1), respectively.

[2] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

[3] To be considered timely, Pa.R.Crim.P. 720(A)(1) required Appellant to file a post-sentence motion by February 18, 2020, as February 16, 2020, the tenth day after imposition of sentence fell on a Sunday, and Monday, February 17, 2020, was a holiday. *See* Pa.R.Crim. P. 720(A)(1); 1 Pa.C.S. § 1908.

Post-Sentence Motion. The court granted Appellant's Motion on February 19, 2020, and extended the deadline for filing a post-sentence motion by 20 days to March 10, 2020.[4]

On February 25, 2020, Attorney Natale filed a Motion to Withdraw as Counsel. On February 27, 2020, the court permitted Attorney Natale to withdraw and appointed current counsel Bernadette Tummons, Esquire, to represent Appellant. Attorney Tummons did not file a Post-Sentence Motion by March 10, 2020, nor did she file a timely Notice of Appeal within 30 days of Appellant's Judgment of Sentence.

Nearly nine months later, on November 9, 2020, Attorney Tummons filed on Appellant's behalf a Motion for Extension of Time to File Post-Sentence Motions and for a Hearing to determine whether the Commonwealth violated Rule 600. Relevantly, Appellant asserted that he "indicated that he hired private counsel to file post[-]trial motions but that he did not receive copies of same. He did not say who he had hired to file post-trial motions. No such filing appears on the docket of this case." Motion, 11/9/20, at ¶ 6. He also asserted that, despite receiving an extension of time, his "court-appointed

---

[4] Incidentally, the March 10, 2020 deadline for filing a post-sentence motion fell outside of the 30-day period in which Appellant could timely appeal from his Judgment of Sentence, which expired on March 9, 2020. 1 Pa.C.S.A. § 1908. This is of no import, however, as Appellant did not file a post-sentence motion, timely or otherwise.

attorney did not file post-trial motions." *Id.* at 7. On November 16, 2020, the court denied Appellant's Motion.[5]

This appeal followed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant raises the following two issues on appeal:

I.  Did the [c]ourt err in denying [] Appellant's Motion for Extension of time to file Post-Sentence Motions[] *nunc pro tunc*[] given the extreme circumstances of the coronavirus pandemic and the administrative breakdown concerning obtaining a transcript?

II. Did the [t]rial [c]ourt err in denying [] Appellant's Rule 600 Motion, or at a minimum refusing to have a hearing on the merits on said Motion?

Appellant's Brief at 1-2 (footnote omitted).

In his first issue, Appellant argues that the trial court erred in determining that it lacked jurisdiction to grant Appellant's Motion for Extension of Time. *Id.* at 4-5. Appellant asserts that "extraordinary circumstances," including "the failure to obtain the transcript for [Appellant's] trial for several months after the time to file a [p]ost-[s]entence expired[] and the other circumstances listed in [] Appellant's [] Motion resulted in the trial court's

---

[5] In its Pa.R.A.P. 1925(a) Opinion, the trial court explained that it denied Appellant's Motion for Extension of Time because "the delay in filing for an extension is without support, having occurred so long after sentencing and the [previously-]granted extension, the court would have no jurisdiction to grant said motion." Trial Ct. Op, 1/25/21, at 2 (unpaginated).

continued jurisdiction over this matter.[6]  ***Id.*** at 5.  Appellant concludes, therefore, that the court had jurisdiction to consider, and should have granted, the Motion for Extension.  ***Id.***

The Pennsylvania Rules of Appellate Procedure provide, in relevant part, that "[i]n a criminal case in which no post-sentence motion has been filed, the notice of appeal shall be filed within 30 days of the imposition of the judgment of sentence in open court."  Pa.R.A.P. 903(c)(3); ***see also*** Pa.R.Crim. P. 720(A)(3) ("If the defendant does not file a timely post-sentence motion, the defendant's notice of appeal shall be filed within 30 days of imposition of sentence.").  Furthermore, the Rules provide that this Court "may not enlarge the time for filing a notice of appeal."  Pa.R.A.P. 105(b).

---

[6] Appellant relies on ***Commonwealth v. Clementi***, 235 A.3d 473 (Pa. Cmwlth. 2020), and its interpretation of 42 Pa.C.S. § 5505 in support of this claim.  In ***Clementi***, the summary appeal court convicted the defendants of the offense of harboring dangerous dogs.  ***Id.*** at 475.  After the summary appeal court denied their initial request for post-sentence relief, the defendants filed a motion for reconsideration that they had styled as "*nunc pro tunc*" more than 30 days after the trial court imposed sentence.  ***Id.*** at 476.  The summary appeal court denied the motion without addressing the merits after concluding it lacked jurisdiction to consider a motion for *nunc pro tunc* relief filed more than 30 days after imposition of sentence.  ***Id.*** at 476.  On review, the Commonwealth Court held that Section 5505 does not preclude a trial court from addressing a motion for reconsideration *nunc pro tunc* filed after the 30-day period" where the petitioner demonstrates, *inter alia*, "extraordinary cause justifying intervention by the court."  ***Id.*** at 479 (internal quotation marks omitted).

We find ***Clementi*** inapposite, as the instant case does not involve a motion for reconsideration, or any motion "styled" as seeking *nunc pro tunc* relief.

Instantly, the trial court imposed Appellant's Judgment of Sentence on February 6, 2020. Although the court granted Appellant an extension of time to file a post-sentence motion, Appellant did not file such a motion. Accordingly, Appellant had until March 9, 2020 to file a timely notice of appeal.[7] Because Appellant did not file a notice of appeal from his Judgment of Sentence on or before March 9, 2020, his Judgment of Sentence became final on that date. Thus, at first blush it appears that the trial court properly concluded that it lacked jurisdiction to consider Appellant's Motion for Extension of Time to file Post-Sentence Motions and for a Hearing as there was no time left to extend.

We acknowledge, however, that where a defendant's judgment of sentence has become final "the PCRA subsumes all forms of collateral relief … to the extent a remedy is available under such enactment." *Commonwealth v. West*, 938 A.2d 1034, 1043 (Pa. 2007). Stated another way, "any motion filed after the finality of a sentence that raises an issue that can be addressed under the PCRA is to be treated as a PCRA petition." *Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa. Super. 2013). "This is true regardless of the manner in which the petition is titled." *Commonwealth v. Kutnyak*, 781 A.2d 1259, 1261 (Pa. Super. 2001).

---

[7] The appeal period expired on March 9, 2020, as the thirtieth day, March 7, 2020, fell on a Saturday. 1 Pa.C.S.A. § 1908.

Our review of Appellant's Motion for Extension of time to file Post-Trial Motions indicates that Appellant arguably raised a claim that his counsel had been ineffective for failing to file a post-sentence motion despite Appellant's request that counsel do so. Ineffective assistance of counsel claims are cognizable under the PCRA. **See** 42 Pa.C.S. § 9543(a)(2)(ii). Thus, to the extent that Appellant's request for relief implicated his counsel's effectiveness, the trial court erred by declining to treat Appellant's Motion as a timely first PCRA petition. Accordingly, we vacate the Order denying Appellant's Motion and remand for the trial court to consider this claim under the PCRA.

Our review of the Motion for Extension of Time also reveals that Appellant requested that the trial court schedule a hearing to consider, for the second time, whether the Commonwealth violated Rule 600. Because Appellant has framed this issue as one of trial court error and not as an ineffectiveness of counsel claim, it is not cognizable under the PCRA. **See id.** at 9543(a)(2)(i-viii). Accordingly, because Appellant did not file a timely direct appeal from his Judgment of Sentence raising this claim, he has waived it.

In his second issue, Appellant reiterates his claim that the trial court should have considered his untimely filed Motion for Extension of Time to file Post-Sentence Motions and for a Hearing, so that the trial court could reconsider Appellant's assertion that the Commonwealth violated Pa.R.Crim.P.

600.[8] Appellant's Brief at 7. Appellant concedes that "if the trial court lacked jurisdiction to consider hearing Appellant's Post-Sentence motion, then this Court has no jurisdiction to hear the matters at this time." ***Id.*** As we have already determined that the trial court properly concluded that it lacked jurisdiction to consider Appellant's Rule 600-related claim, this issue warrants no relief.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/01/2021

_____

[8] To the extent that Appellant also argues that the trial court erred in denying his Motion to Dismiss pursuant to Rule 600 and in not holding an evidentiary hearing on the Motion, ***see*** Appellant's Brief at 6-7, Appellant has waived this claim by failing to file a timely notice of appeal from his Judgment of Sentence.