**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GREGORY SMITH, | : | |
| | : | |
| Appellant | : | No. 1024 EDA 2017 |

Appeal from the PCRA Order February 28, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0401641-2004

BEFORE: DUBOW, J., MURRAY, J., and STEVENS, P.J.E.*

MEMORANDUM BY DUBOW, J.:                         **FILED MAY 16, 2018**

Appellant, Gregory Smith, appeals *pro se* from the February 28, 2017 Order entered in the Philadelphia County Court of Common Pleas dismissing the petition, titled "Petition for *Habeas Corpus* Writ/Petition 42 Pa.C.S. §§ 6501-6506," as an untimely second petition cognizable under the Post-Conviction Relief Act ("PCRA"). After careful review, we affirm.

This Court previously set forth the underlying facts, and we need not repeat them in detail. **See Commonwealth v. Smith**, No. 1369 EDA 2009, unpublished memorandum at 1-5 (Pa. Super. filed June 29, 2010), *appeal denied*, 23 A.3d 541 (Pa. 2011). In summary, on March 10, 2004, Officer James Kuzowsky attempted to stop Appellant on a Philadelphia street because he matched the description of an assailant in a reported rape in progress. Appellant fled from the police and eventually drew a handgun and placed the barrel of the gun to Officer Kuzowsky's forehead. When Officer Kuzowsky

_____

* Former Justice specially assigned to the Superior Court.

drew his own weapon, Appellant dropped his handgun, pleaded with the officer not to shoot him, and again fled from the officer.

Officer Kuzowsky eventually caught up with Appellant and restrained him after a brief struggle in which Appellant kicked and punched Officer Kuzowsky. Police recovered $496, twenty-nine individual packets of crack cocaine, and four packets of marijuana. The Commonwealth charged him with various drug and firearms offenses.

A jury convicted Appellant of Possession of a Controlled Substance With Intent to Deliver, Possession of an Instrument of Crime ("PIC"), Persons Not to Possess Firearms, Carrying a Firearm Without a License, and Carrying a Firearm in Public in Philadelphia.[1] On April 22, 2005, the trial court imposed an aggregate term of 16 to 32 years' incarceration.

On August 11, 2006, this Court affirmed Appellant's Judgment of Sentence. ***Commonwealth v. Smith***, 909 A.2d 887 (Pa. Super. 2006) (unpublished memorandum). Appellant did not seek review by the Pennsylvania Supreme Court. Appellant's Judgment of Sentence became final on September 11, 2006, when his time for seeking review with the

---

[1] 35 P.S. § 780-113(a)(30); 18 Pa.C.S. § 907; 18 Pa.C.S. § 6105; 18 Pa.C.S. § 6106; and 18 Pa.C.S. § 6108, respectively.

Pennsylvania Supreme Court expired.[2]   *See* 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 1113.

On July 12, 2007, Appellant filed a timely *pro se* PCRA Petition, his first, in which he asserted that his trial counsel was ineffective.[3]  The PCRA court appointed counsel, who filed an amended PCRA Petition on April 17, 2008. Following a *Grazier*[4] hearing, the PCRA court permitted Appellant to proceed *pro se*.  After providing notice to Appellant pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed Appellant's PCRA Petition without a hearing on April 17, 2009.  Appellant filed a timely appeal.  On June 29, 2010, this Court affirmed in part and remanded to allow the trial court to record properly Appellant's PIC sentence.  *See Commonwealth v. Smith*, 6 A.3d 548 (Pa. Super. 2010). The trial court properly recorded Appellant's sentence for PIC on December 9, 2010.  On June 8, 2011, our Supreme Court denied allowance of appeal. *Commonwealth v. Smith*, 23 A.3d 541 (Pa. 2011).

On September 15, 2014, Appellant filed the instant *pro se* Petition, titled "Petition for *Habeas Corpus* Writ/Petition 42 Pa.C.S. §§ 6501-6506."  On

---

[2] September 10, 2006, was a Sunday.  *See* 1 Pa.C.S. § 1908.

[3] Appellant claimed that trial counsel was ineffective (1) for failing to object to the prosecutor's references to Appellant's post-arrest silence during cross-examination, and (2) for failing to challenge the sufficiency of the evidence supporting his PIC conviction.

[4] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

February 28, 2017, the PCRA court dismissed the Petition as an untimely PCRA Petition without a hearing after providing notice pursuant to Pa.R.Crim.P. 907.[5]

Appellant timely appealed. The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) Statement of Errors. The PCRA court filed a Pa.R.A.P. 1925(a) Opinion and opined that Appellant's PCRA Petition was untimely and no timeliness exception applied.

Appellant presents two issues for our review:

[1.] Did the lower court abuse its discretion when it dismissed the *habeas corpus* Petition after deciding that it should be reviewed as a PCRA Petition and held to the time limitations of the PCRA statute?

[2.] Did the lower court abuse its discretion when it failed to address the merits of the claims raised in the *habeas corpus* Petition?

Appellant's Brief at 6 (capitalization and suggested answers omitted).

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014). There is no right to a PCRA hearing; a hearing is unnecessary where the PCRA court can determine from the record that there are no genuine issues of material fact. ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008).

---

[5] The record does not indicate a reason for the court's three-year delay between the filing of the Petition and its dismissal.

- 4 -

Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition. *See Commonwealth v. Hackett*, 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA Petition is a jurisdictional requisite).

Under the PCRA, any Petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A Judgment of Sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Because the PCRA's timeliness requirements are jurisdictional in nature, a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Appellant titled his September 15, 2014 filing "Petition for *Habeas Corpus* Writ/Petition 42 Pa.C.S. §§ 6501-6506." In his first issue, Appellant challenges the court's treatment of his filing as a PCRA Petition, rather than as a writ for *habeas corpus* relief. Appellant's Brief at 6, 10-11.[6]

> It is well-settled that the PCRA is intended to be the sole means
> of achieving post-conviction relief. 42 Pa.C.S. § 9542. Unless the

---

[6] Appellant attempts to incorporate by reference arguments set forth in his September 15, 2014 filing. *See* Appellant's Brief at 8. Our Supreme Court has held that incorporation by reference does not comply with our appellate rules and is an "unacceptable manner of appellate advocacy for the proper presentation of a claim for relief[.]" *Commonwealth v. Briggs*, 12 A.3d 291, 342-43 (Pa. 2011).

PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus.* Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition.

***Commonwealth v. Taylor***, 65 A.3d 462, 465-66 (Pa. Super. 2013) (citations and footnote omitted). ***See also Commonwealth v. Fahy***, 737 A.2d 214, 224 (Pa. 1999)(noting that "the writ continues to exist as an independent basis for relief only in cases in which there is no remedy under the PCRA.").

"[A] defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus.*" ***Taylor***, ***supra*** at 466.

Further, Appellant must also establish that the issues raised in the PCRA petition have not been previously litigated or waived. 42 Pa.C.S. § 9543(a)(3). An allegation of error "is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal[,] or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b). "Additionally, an issue is not cognizable under the PCRA where the petitioner simply attempts to relitigate, without couching in terms of ineffective assistance, a claim that has already been deemed reviewed on direct appeal." ***Commonwealth v. Fowler***, 930 A.2d 586, 594 (Pa. Super. 2007).

In sum, "[t]he PCRA provides a remedy for certain types of claims. 42 Pa.C.S. § 9543(a). Simply because a petition is not considered because of previous litigation or waiver does not alter the PCRA's coverage of such claims or make *habeas corpus* an alternative basis for relief." ***Fahy***, ***supra*** at 224.

*See also Commonwealth v. Kutnyak*, 781 A.2d 1259, 1261 (Pa. Super. 2001) (same).

We agree that the PCRA court properly treated Appellant's filing as a PCRA Petition. Appellant avers that his arrest and his sentence were illegal because he "had nothing to do with any rape," the reason police officers stopped him on the street, and he "did not break any law by his refusal to talk to the police." Appellant's Brief at 9. Appellant also avers that the sentencing court erroneously relied on "prior criminal history that included juvenile charges." Appellant's Brief at 11. Both of these issues fall within the purview of the PCRA.[7] Accordingly, the court properly deemed Appellant's filing a PCRA Petition.

With respect to Appellant's second issue, as stated above, the PCRA's time constraints are jurisdictional and a court may not address the merits of a PCRA petition over which it has no jurisdiction. *Albrecht*, *supra*. Here, Appellant's Judgment of Sentence became final on September 11, 2006, when his time for seeking review with the Pennsylvania Supreme Court expired.

_____

[7] Appellant previously challenged the search and seizure on direct appeal. *See Commonwealth v. Smith*, 909 A.2d 887 (Pa. Super. 2006) (unpublished memorandum). Insofar as Appellant asserts a belated challenge to the discretionary aspects of his sentence by baldly averring that the court impermissibly considered his juvenile record in fashioning a sentence, Appellant waived this issue for failing to preserve the issue on direct appeal. Appellant cannot now bring these issues under the purview of *habeas corpus* proceedings. *Fahy*, *supra* at 224 (noting that prior review or waiver of claims does "not alter the PCRA's coverage of such claims or make *habeas corpus* an alternative basis for relief.").

*See* 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 1113 (allowing thirty days to file a Petition for Allowance of Appeal). In order to be timely, Appellant needed to submit his PCRA Petition by September 11, 2007. 42 Pa.C.S. § 9545(b). Appellant filed this PCRA Petition on September 15, 2014, more than eight years after his Judgment of Sentence became final. The PCRA court properly concluded that Appellant's Petition is facially untimely. PCRA Court Opinion, dated 5/22/17, at 2-3.

Pennsylvania courts may consider an untimely PCRA petition, however, if the appellant pleads and proves one of the three exceptions set forth in 42 Pa.C.S. § 9545(b). Here, Appellant has not attempted to plead or prove that his Petition falls within the timeliness exceptions provided in 42 Pa.C.S. § 9545(b)(1). Accordingly, the PCRA court properly dismissed Appellant's Petition as untimely and properly concluded that it had no jurisdiction to address the merits of the Petition.

We, thus, affirm the denial of PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/16/18