J-S04038-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| COLBY RICHARD DIXON | : | |
| | : | |
| Appellant | : | No. 1135 MDA 2020 |

Appeal from the Order Entered July 30, 2020
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0003407-2007

BEFORE: OLSON, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED MARCH 4, 2021**

Colby Richard Dixon ("Dixon") appeals from the Order denying his second Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). *See* 42 Pa.C.S.A. §§ 9541-9546. We reverse and remand for further proceedings.

On March 12, 2009, following a jury trial, Dixon was found guilty of criminal attempt – criminal homicide, aggravated assault, and recklessly endangering another person ("REAP"),[1] relating to the shooting of Keith Pitt ("the victim") at Rookie's Sports Bar and Grill in Manheim Township,

_____

[1] 18 Pa.C.S.A. §§ 901(a), 2702(a)(1), 2705.

Lancaster County, Pennsylvania.[2]  The trial court sentenced Dixon to 20 to 40 years in prison for the criminal attempt – criminal homicide conviction, and a consecutive 1 to 2 years in prison for the REAP conviction.[3]  This Court affirmed Dixon's judgment of sentence, and the Pennsylvania Supreme Court denied Dixon's Petition for Allowance of Appeal.  *See Commonwealth v. Dixon*, 998 A.2d 1000 (Pa. Super. 2010) (unpublished memorandum), *appeal denied*, 9 A.3d 627 (Pa. 2010).

On July 16, 2020, following an unsuccessful first PCRA Petition, Dixon filed a *pro se* "Motion for Remand/Newly Discovered Evidence."  On July 30, 2020, the trial court denied Dixon's Petition without holding a hearing, and without issuing notice pursuant to Pa.R.Crim.P. 907.  Counsel for Dixon filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, Dixon presents the following questions for our review:

1. Did the [PCRA court] err in failing to treat [Dixon's] Motion for Remand/Newly Discovered [E]vidence as a PCRA Petition[]?

2. Did the lower court err in denying [Dixon's] Motion for Remand/Newly Discovered [E]vidence without first filing a Notice of Intent to Dismiss pursuant to [Pa.R.Crim.P.] 907?

---

[2] The victim was shot three times, causing life-threatening injuries.  The victim received treatment at a hospital and eventually recovered from his injuries.

[3] The convictions for aggravated assault and criminal attempt – criminal homicide merged for sentencing purposes.

3. Did the [PCRA court] err in denying [Dixon's] Motion for Remand/Newly Discovered Evidence without an evidentiary hearing, where [Dixon] presented newly[-]discovered evidence in the form of a signed [A]ffidavit by a witness to the crime for which he was committed, attesting to his innocence?

Brief for Appellant at 5 (issues reordered).

We review an order [denying] a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of the record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

In his first claim, Dixon argues that the PCRA court erred in not treating his "Motion for Remand/Newly Discovered Evidence" as a PCRA Petition. Brief for Appellant at 11-13. Dixon points out that he cited the PCRA in his Motion, and he asserts that the relief he requested could only be granted under the PCRA. *Id.*

"[T]he PCRA is the exclusive vehicle for obtaining post-conviction collateral relief. This is true regardless of the manner in which the petition is titled." *Commonwealth v. Kutnyak*, 781 A.2d 1259, 1261 (Pa. Super. 2001); *see also* 42 Pa.C.S.A. § 9542 (stating that "[t]he action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*.").

In his "Motion for Remand/Newly Discovered Evidence," Dixon cites the PCRA; alleges that he discovered new evidence that proves his innocence; argues that this evidence was unavailable at the time of trial; claims that the evidence would have changed the outcome of his trial if it had been introduced; and asserts that he is entitled to a new trial. *See* "Motion for Remand/Newly Discovered Evidence," 7/16/20, at 2-3 (unnumbered). Further, Dixon's claims for relief are cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(2)(vi). Based on the foregoing, we conclude that the PCRA court erred in not treating Dixon's "Motion for Remand/Newly Discovered Evidence" as a Petition filed pursuant to the PCRA. *See* 42 Pa.C.S.A. § 9542.

In his second claim, Dixon argues that the PCRA court erred in not providing notice of its intent to deny his PCRA Petition pursuant to Pa.R.Crim.P. 907.

Pennsylvania Rule of Criminal Procedure 907 provides as follows:

**Rule 907. Disposition Without Hearing**

Except as provided in Rule 909 for death penalty cases, (1) the judge shall promptly review the petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, **the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal**. The defendant may respond to the proposed dismissal within 20 days of the date of the notice. The judge thereafter shall order the

petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

Pa.R.Crim.P. 907 (emphasis added).

Here, the PCRA court did not hold a hearing, and failed to issue Rule 907 Notice prior to dismissing Dixon's Petition. Thus, the PCRA court committed legal error. **See id.**; **see also Ford**, **supra**. "However, our Supreme Court has held that where the PCRA petition is untimely, the failure to provide such notice is not reversible error. Thus, the failure of the PCRA court to provide the Rule 907 notice does not entitle [an a]ppellant to relief." **Commonwealth v. Lawson**, 90 A.3d 1, 5-6 (Pa. Super. 2014) (citations and quotation marks omitted).

Under the PCRA, any PCRA petition "shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." **Id.** § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Dixon's PCRA Petition is facially untimely. Nevertheless, Dixon claims that he is entitled to the "newly-discovered facts" exception set forth at Section 9545(b)(1)(ii). **See** 42 Pa.C.S.A. § 9545(b)(1)(ii) (stating that

"[a]ny petition under this subchapter … shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that … the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence…."); *see also Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007) (stating that "[i]f the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.").

Specifically, Dixon asserts that he is innocent, and that his conviction resulted from a witness misidentifying him as the shooter. PCRA Petition, 7/16/20, at 1-3 (unnumbered). Dixon states that while he was in prison, a fellow inmate, La'Quanta Chapman ("Chapman"), informed him that Dashaun White ("White") shot the victim at Rookie's Bar and Grill on the night of the incident. *Id.* Dixon attached to his PCRA Petition an affidavit from Chapman, stating that Chapman went to Rookie's Sports Bar and Grill with White on the night of the shooting, and Chapman saw White shoot the victim. *Id.* at 5-6. Dixon claims that this evidence could not have been ascertained by the exercise of due diligence because Dixon did not know of Chapman or White prior to meeting Chapman in prison, and was unaware that they were present on the night of the shooting. PCRA Petition, 7/16/20, at 2-3 (unnumbered); *see also* 42 Pa.C.S.A. § 9545(b)(1)(ii).

Based upon the foregoing, we conclude that Dixon may be able to prove the newly-discovered fact exception. *See* 42 Pa.C.S.A. § 9545(b)(1)(ii). Accordingly, we reverse the PCRA court's Order denying Dixon's PCRA Petition, and we remand to the PCRA court to hold a hearing on Dixon's PCRA Petition, or to provide proper Rule 907 notice.[4]

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/04/2021

---

[4] In light of our holding, we need not address Dixon's third claim.