J-S50043-20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :    IN THE SUPERIOR COURT OF
                             :              PENNSYLVANIA
          Appellee        :
                             :
       v.                     :
                             :
MUSTAFA CRUMPTON,          :
                             :
          Appellant      :     No. 3282 EDA 2019

Appeal from the PCRA Order Entered October 31, 2019
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0904631-2005

BEFORE:    BENDER, P.J.E., SHOGAN, J. and STRASSBURGER, J.[*]

MEMORANDUM BY SHOGAN, J.:                Filed: April 30, 2021

Appellant, Mustafa Crumpton, appeals from the order entered on October 31, 2019, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546. We affirm.

In light of our disposition, a detailed recitation of the facts is unnecessary. Briefly, at approximately 10:00 p.m. on April 23, 2005, Appellant and a co-conspirator robbed the Side Street Café, located at East Venango Street in Philadelphia, at gunpoint. Following the robbery, they fled the area in a white car, which they crashed while being pursued by police. N.T., 9/12/07, at 44–45, 136.

In its opinion, the PCRA court set forth the relevant procedural history as follows:

---

[*] Retired Senior Judge assigned to the Superior Court.

On September 20, 2007, following a jury trial before the Honorable Lillian H. Ransom, [Appellant] was convicted of criminal conspiracy and fleeing or attempting to elude an officer.[1] The jury hung on all remaining charges, including firearms not to be carried without a license, possessing instruments of crime, robbery, and aggravated assault. [Appellant] was released on bail but failed to appear for his re-trial on May 9, 2008. The trial court granted the Commonwealth's oral motion to proceed with sentencing *in absentia* on [Appellant's] conspiracy and fleeing convictions rather than retry [Appellant] *in absentia* on the hung charges. [Appellant] was sentenced to a five to ten year mandatory maximum sentence pursuant to 18 Pa.C.S. [§] 9712(a) for his criminal conspiracy conviction[,] and no further penalty was imposed for the fleeing or attempting to elude an officer conviction. [Appellant] did not file a direct appeal. [Appellant did not begin serving his sentence until February 26, 2018, when he was finally apprehended and arrested on an outstanding warrant.]

On April 24, 2018, [Appellant] filed his first, and instant, PCRA petition, seeking an evidentiary hearing or new sentencing hearing pursuant to 42 Pa.C.S.A. § 9543(a)(2)(vii) and 42 Pa.C.S.A. § 9543(a)(2)(ii). He claimed the trial court improperly imposed the five to ten year mandatory [minimum] sentence and raised several claims of ineffective assistance of counsel. [Appellant] filed a supplemental petition on November 30, 2018, and the Commonwealth filed its motion to dismiss on March 15, 2019. On October 1, 2019, th[e PCRA c]ourt sent [Appellant] a Notice of Intent to Dismiss Pursuant to [Pa.R.Crim.P.] 907. [Appellant] replied to the [Rule] 907 Notice on October 21, 2019. [In his response, Appellant suggested for the first time that the PCRA court consider his PCRA petition as a petition for *coram nobis* or *habeas corpus* relief.] On October 31, 2019, th[e PCRA c]ourt dismissed [Appellant's] petition as untimely. [Appellant] filed a Notice of Appeal to [the] Superior Court on November 6, 2019.

PCRA Court Opinion, 5/29/20, at 1–2 (footnotes omitted).

---

[1]  18 Pa.C.S. § 903(a)(1) and 75 Pa.C.S. § 3733(a), respectively.

Appellant filed a concise statement and amended concise statement pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). The PCRA court filed a Rule 1925(a) opinion. On appeal, Appellant presents the following issue for our review:

1. Should the lower court have granted the PCRA Petition and/or deemed it a *habeas corpus* petition and granted a new sentencing hearing, where the sentence was clearly imposed without a valid basis under 42 Pa.C.S. §9712(a) as it required evidence that Appellant visibly possessed a weapon?

Appellant's Brief at 2.

When reviewing the propriety of an order denying PCRA relief, this Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. ***Commonwealth v. Robinson***, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. ***Commonwealth v. Lippert***, 85 A.3d 1095, 1100 (Pa. Super. 2014).

Initially, we address whether this appeal is properly before us. The PCRA court dismissed Appellant's petition as untimely. "As the timeliness of a PCRA petition is a question of law, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Callahan***, 101 A.3d 118, 121 (Pa. Super. 2014) (citation omitted). Moreover, the timeliness of a PCRA petition is a jurisdictional threshold that may not be disregarded in order to reach the merits of the claims raised in an untimely PCRA petition.

***Commonwealth v. Cintora***, 69 A.3d 759, 762 (Pa. Super. 2013). "We have repeatedly stated it is the [petitioner's] burden to allege and prove that one of the timeliness exceptions applies. Whether [a petitioner] has carried his burden is a threshold inquiry prior to considering the merits of any claim." ***Commonwealth v. Edmiston***, 65 A.3d 339, 346 (Pa. 2013).

A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). When a petitioner files a PCRA petition beyond the one-year time-bar, he must plead and prove at least one of the following exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at § 9545(b)(1)(i)–(iii). A petition raising one of the above exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).[2]

The record reveals that Appellant's judgment of sentence became final on June 9, 2008, thirty days after the trial court imposed sentence and the time for filing a direct appeal expired.[3] 42 Pa.C.S. § 9545(b)(3); Pa.R.Crim.P. 720(A)(3). Appellant's petition, filed almost ten years later on April 24, 2018, was patently untimely.

In his PCRA petition, Appellant averred that the petition was timely because he filed it within sixty days of learning of his 2008 sentencing. PCRA Petition, 4/24/18, at ¶ 21. In his response to the PCRA Court's notice of intent to dismiss, Appellant argued that his petition also was timely because he filed it within one year of the United States Supreme Court's decision in ***McCoy v. Louisiana***, ___ U.S. ___, 138 S.Ct. 1500 (2018). Answer to Notice of Intent to Dismiss, 10/21/19, at 2. Alternatively, Appellant asked the PCRA court to reclassify his PCRA petition as a petition

---

[2] This subsection was amended, effective December 24, 2018, to extend the time for filing from sixty days of the date the claim could have been presented to one year, for claims arising on or after December 24, 2017. This amendment does not apply to Appellant's PCRA petition because his claim arose at the time of his sentencing, *i.e.*, on May 9, 2008, for the reasons explained *infra*.

[3] The thirtieth day, June 8, 2008, fell on a Sunday. ***See*** 1 Pa.C.S. § 1908 ("Whenever the last day of [a period of time referred to in a statute] shall fall on . . . Sunday, . . . such day shall be omitted from the computation.").

for *coram nobis* or *habeas corpus* relief. *Id.* at 5. On appeal, Appellant attempts to circumvent the timeliness requirements of the PCRA by arguing that his petition, "while originally styled as a PCRA [p]etition, was really a petition seeking *habeas corpus* relief." Appellant's Brief at 9. Appellant argues that his petition did not seek relief under the PCRA, nor did it raise any errors cognizable under the PCRA; instead, Appellant sought relief for an invalid sentence. *Id.* at 10–12; *see also* Appellant's Reply Brief at unnumbered 2 (arguing that because he "is challenging the continuing validity of his sentence, it is a claim that falls outside the grounds contemplated by the PCRA").

The PCRA provides "the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*." 42 Pa.C.S. § 9542. Our Supreme Court has clarified "that the PCRA subsumes the remedy of *habeas corpus* with respect to remedies offered under the PCRA and that any petition seeking relief under the PCRA must be filed within one year of final judgment." *Commonwealth v. Peterkin*, 722 A.2d 638, 640 (Pa. 1998). "[T]he writ of *habeas corpus* is not available as an alternative basis for relief when, under the framework of the PCRA, a petition would be considered previously litigated, waived or untimely." *Commonwealth v. Kutnyak*, 781 A.2d 1259, 1261 (Pa. Super. 2001) (citation omitted). Finally,

> [a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto. Thus, a collateral claim regarding the legality of a sentence can be lost for failure to raise it in a timely manner under the PCRA.

*Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa. Super. 2019), *appeal denied*, 216 A.3d 1044 (Pa. 2019).

Appellant's petitions raised claims challenging the effective assistance of counsel and the legality of his sentence. *See generally* PCRA Petition, 4/24/18 (raising the ineffective assistance of counsel); *see also* Supplemental PCRA Petition, 11/30/18, at 6 ("[T]he trial court imposed a sentence … greater than the lawful maximum for the crimes for which he was actually convicted."). Because these claims are cognizable under the PCRA, the PCRA court properly treated Appellant's petition as one filed under the PCRA. *See* 42 Pa.C.S. § 9543(a)(2)(ii), (vii). Accordingly, we must now turn to the untimeliness of Appellant's petition.

Appellant attempted to plead and prove two exceptions in the PCRA court. In his initial petition, Appellant invoked the newly discovered-facts exception pursuant to 42 Pa.C.S. § 9545(b)(1)(ii) based on his discovery that he had been sentenced *in absentia*. Then, in his response to the Rule 907 notice of intent to dismiss his PCRA petition, Appellant invoked the newly recognized retroactive-right exception pursuant to 42 Pa.C.S. § 9545(b)(1)(iii) based upon *McCoy*.

We first review Appellant's invocation of the newly discovered-facts exception. Appellant's underlying sentencing claim arose when he was sentenced *in absentia* on May 9, 2008. Nearly ten years passed from Appellant's sentencing until the filing of his PCRA petition. Therefore, he cannot invoke the newly discovered-facts exception, which requires that a petition raising such an exception be filed within sixty days of the date the claim arose. 42 Pa.C.S. § 9545(b)(2). Moreover, in attempting to raise this exception, Appellant did not explain how his sentence "could not have been ascertained by the exercise of due diligence" during that time. *Id.* at § 9545(b)(1)(ii). Appellant cannot rely on his evasion from authorities for nearly a decade to explain why he was unaware of his sentence until his arrest in 2018 or alter the fact that his underlying claim arose in 2008. As such, he has failed to plead and prove this exception.

Finally, we turn to Appellant's reliance on *McCoy* for the newly recognized retroactive-right exception. Presuming that he filed his claim within the applicable time frame, Appellant acknowledged that neither the Pennsylvania Supreme Court nor the Supreme Court of the United States has held that the right announced in *McCoy* applies retroactively. *See* Answer to Notice of Intent to Dismiss, 10/21/19, at 2. Thus, Appellant also has failed to plead and prove this exception.

Because we conclude that the PCRA court did not err in determining that Appellant's petition was a request for PCRA relief and in finding that the

- 8 -

petition was untimely filed without an exception, we affirm the order of the PCRA court.

Order affirmed.

Judge Strassburger did not participate in the consideration or decision of this case.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date:4/30/21*