J-A09013-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM ROBERT JONES | : | |
| | : | |
| Appellant | : | No. 1156 MDA 2022 |

Appeal from the PCRA Order Entered July 20, 2022
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0002046-2008

BEFORE: BOWES, J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY BOWES, J.: **FILED: MARCH 21, 2023**

William Robert Jones appeals from the order entered July 20, 2022, dismissing his second petition for relief pursuant to the Post Conviction Relief Act ("PCRA") as untimely. We affirm.

On November 17, 2008, Appellant pled *nolo contendere* to one count of possession of child pornography due to his possession of three images depicting nude females under the age of eighteen. Following a review of the no contest plea colloquy and a discussion of the impact of sexual offender registration, sentencing was deferred. Prior to sentencing, Appellant filed and then withdrew a motion to withdraw his *nolo contendere* plea. On April 10, 2009, Appellant affirmed that he wished to continue with the plea agreement and was sentenced pursuant to that agreement to four years of probation. Appellant was also required to register for ten years as a sexual offender under Megan's Law III.

Appellant filed a post-sentence motion to withdraw his plea, which was denied. A timely direct appeal followed in which Appellant alleged that the trial court erred when denying his motion to withdraw his plea. On May 13, 2010, this Court affirmed Appellant's judgment of sentence, and Appellant did not seek review with the Pennsylvania Supreme Court.

On August 30, 2010, Appellant filed a timely *pro se* PCRA petition alleging ineffective assistance of counsel. Appointed counsel submitted an amended PCRA petition and the court held an evidentiary hearing at which Appellant, his mother, his sister, plea counsel, and sentencing counsel testified. Appellant alleged that plea counsel coerced his plea when he told him that he was "toast" if he went to trial, that he "wouldn't last a minute in jail," and that he was "too pretty to go to jail." **See** PCRA Court Opinion, 8/31/11, at 2. The PCRA court found Appellant's testimony that plea counsel coerced him to enter the plea incredible and denied the petition. On appeal, this Court affirmed the decision of the PCRA court, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal.

On March 28, 2022, Appellant filed a petition entitled "Notice of Petition and Petition for an Order to Vacate Judgment," which is the subject of this appeal. In the petition, Appellant challenged his plea and the legality of his sentence. **See** PCRA Petition, 3/28/22, at unnumbered 3. The PCRA court properly treated the filing as a second *pro se* PCRA petition. **See** **Commonwealth v. Kutnyak**, 781 A.2d 1259, 1261 (Pa.Super. 2001) (treating defendant's *pro se* motion challenging his guilty plea as a PCRA

petition "regardless of the manner in which the petition is titled" because "the PCRA is the exclusive vehicle for obtaining post-conviction collateral relief"). The Commonwealth submitted an answer suggesting that Appellant's petition was not cognizable as he was no longer serving any sentence related to this case. *See* Answer, 4/28/22, at ¶ 16. The PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing as untimely and lacking cognizability since Appellant was no longer serving a sentence. *See* PCRA Court Opinion, 5/13/22, at 3-4. Appellant filed his objections and on July 20, 2022, the court dismissed his petition. The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement but did issue a Pa.R.A.P. 1925(a) opinion. This appeal followed.

Appellant raises the following two issues for our review:

1. Whether or not the trial court has jurisdiction to hear a matter brought before it by way of fraud upon the court, and in clear violation of the constitutionally protected rights of the Appellant.

2. Whether or not the trial court has the authority to ignore its ministerial duties.

Appellant's brief at unnumbered 4 (unnecessary capitalization omitted).

We begin with a discussion of the pertinent legal principles. Our "review is limited to the findings of the PCRA court and the evidence of record," and we do not "disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error." ***Commonwealth v. Diggs***, 220 A.3d 1112, 1116 (Pa.Super. 2019). Similarly, "[w]e grant great deference to the factual

- 3 -

findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions." *Id*. "[W]here the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary." *Id*. "It is an appellant's burden to persuade us that the PCRA court erred and that relief is due." *Commonwealth v. Stansbury*, 219 A.3d 157, 161 (Pa.Super. 2019) (cleaned up).

Before we may consider the merits of Appellant's claims, we must first determine whether the petition was timely filed. Pursuant to the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment [of sentence] becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9543(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *See Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017).

The time bar can "only be overcome by satisfaction of one of the three statutory exceptions codified at 42 Pa.C.S. § 9545(b)(1)(i)-(iii)." *Id*. Those exceptions are as follows: "(1) interference by governmental officials in the presentation of the claim; (2) newly-discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231,

233-34 (Pa.Super. 2012); *see also* 42 Pa.C.S. § 9545(b)(1). Additionally, a PCRA petitioner must present his claim within one year of the date the claim first could have been presented. *See* 42 Pa.C.S. § 9545(b)(2).

Appellant's petition, filed more than ten years after his judgment of sentence became final, is patently untimely. Thus, unless Appellant pled and proved one of the three exceptions to the PCRA time-bar outlined in 42 Pa.C.S. § 9545(b)(1), we cannot address the claims asserted therein. On review of the certified record and his brief on appeal, we find that Appellant has never raised the applicability of any of these exceptions. Accordingly, we hold that the PCRA court did not err when it dismissed his petition as being untimely filed.[1] We affirm the PCRA court's dismissal of Appellant's PCRA petition.

---

[1] We also note that, even if timely filed, Appellant is ineligible for PCRA relief. The court sentenced Appellant on April 10, 2009, to serve four years of probation. A review of the record reveals no subsequent amendments, revocations, or alterations were made to Appellant's sentence. Therefore, Appellant's sentence expired on April 10, 2013, nearly ten years before Appellant filed the petition at issue in this appeal. Since Appellant is no longer serving the sentence for his convictions in this case, he is ineligible for PCRA relief. *See* 42 Pa.C.S. § 9543(a)(1)(i); *see also Commonwealth v. Descardes*, 136 A.3d 493, 503 (Pa. 2016) (holding petitioner was no longer serving sentence, so he was ineligible for PCRA relief and petitioner's ineligibility deprived the court of jurisdiction to entertain the petition).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>3/21/2023</u>